ESMOS LOFTON v. THE STATE.

No. 588.     Decided May 11, 1910.

**1.—Assault with Intent to Murder—Aggravated Assault—Charge of Court—Adequate Cause.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of aggravated assault, upon which the court submitted a proper charge, there was no merit in the contention that the court should have charged as a matter of law that if the injured party shot at the defendant this was adequate cause; the court having charged that if the injured party shot the defendant, the same was adequate cause.

**2.—Same—Indictment—Adult Male—Female.**

Where the indictment charged the defendant with an assault with intent to murder, the court did not err, where the defendant raised the issue that the assault was made by an adult male upon a female, in submitting aggravated assault to the jury; and it was not necessary that such an allegation should be contained in the indictment. Following Peterson v. State, 12 Texas Crim. App., 650, and other cases.

**3.—Same—Charge of Court—Simple Assault—Attempt to Alarm.**

Upon trial of assault with intent to murder, where the court submitted a charge that if the assault was made to alarm the injured party, it would be an aggravated assault, there was no error, and simple assault was not in the case.

**4.—Same—Deadly Weapon—Pistol—Firearm.**

Where, upon trial of aggravated assault, the evidence showed that the pistol was used as a firearm, it was per se a deadly weapon, and it was not necessary for the court to define a deadly weapon.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable James I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*B. F. Amonette,* for appellant.—On question of assault to alarm: Mozee v. State, 51 S. W. Rep., 250; Staunton v. State, 29 S. W. Rep., 476; Bean v. State, 49 S. W. Rep., 394; Schrimscher v. State, 36 Texas Crim. Rep., 461; 38 S. W. Rep., 355.

Upon question that court should have charged that shooting at defendant was adequate cause: Scott v. State, 49 Texas Crim. Rep., 386; 93 S. W. Rep., 112; Palmer v. State, 47 Texas Crim. Rep., 268; 83 S. W. Rep., 202.

Upon question as to what is adequate cause: Baltrip v. State, 30 Texas Crim. App., 545; Wadlington v. State, 19 Texas Crim. App., 266; Hawthorne v. State, 28 Texas Crim. App., 212; Warthan v. State, 41 Texas Crim. Rep., 385; 55 S. W. Rep., 55.

Upon question of pistol as deadly weapon: Flournoy v. State, 16 Texas, 31; Logan v. State, 53 S. W. Rep., 694, and cases stated in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.—Upon question that assault to murder includes lesser degrees of assault: Cases cited in opinion.

McCORD, JUDGE.—Appellant was indicted and convicted for assault with intent to murder and his punishment assessed at four years confinement in the penitentiary.

The case was submitted on assault with intent to murder and aggravated assault. It is made to appear from an inspection of the evidence in this case that on the morning of the 7th day of August, 1909, the defendant came to the house of one Ella Wheeler and went to bed with the said Ella Wheeler, who seems to have been his mistress, and when he lay down on the bed Ella Wheeler got up and went to the trunk and took a pistol that the defendant had laid on the trunk when he came in the room and told the defendant that she was going to keep that pistol; that it was hers and that she was tired of him running over her in her house. Defendant told her to put it down and she refused to do it and went on into the kitchen, defendant following her and telling her to give him the pistol and stated that he ought to have killed her yesterday. Ella Wheeler ran on out at the back door of the house, defendant following her picked up an axe, drew it back and said that he would brain her with the axe. Ella Wheeler then shot at him with the pistol, defendant rushed upon her, seized the pistol when she started to run and defendant fired upon her twice. However, he did not hit her. The court submitted the case to the jury and told them that before they would be authorized to convict of assault with intent to murder they must find that there

was a specific intent to kill. The court also submitted aggravated assault arising from passion produced by an adequate cause and told the jury that if the defendant's mind was aroused by a degree of anger, rage or resentment growing out of the fact that Ella Wheeler had shot at him, then they would consider whether he was guilty of aggravated assault or not. He also told them that an assault made upon a female by an adult male would be an aggravated assault. Complaint is made that the court should have directed the jury that for Ella Wheeler to have shot at defendant was an adequate cause and that the court was in error in submitting the issue of adequate cause to the jury. We think the court was correct in submitting the issue of adequate cause to the jury. When the court told them that if the defendant's mind was aroused by the witness Wheeler shooting him that this would be adequate cause, we think this was sufficient on the question of adequate cause. To shoot at a person with a pistol would not as matter of law be adequate cause. See Penal Code, article 702.

It is further contended that as the bill of indictment did not allege that the assault was made by an adult male upon a female that the court was not authorized to submit this issue to the jury. Under our Code an assault with intent to murder includes all lesser degrees of personal violence and under an indictment for assault with intent to murder the court in submitting aggravated assault to the jury is authorized to submit to the jury either ground of the statute that constitutes aggravated assault that may be developed by the testimony directly growing out of the assault charged. See Peterson v. State, 12 Texas Crim. App., 650; Davis v. State, 20 Texas Crim. App., 302.

It is also complained that the court erred in not submitting simple assault to the jury, the contention being that if the assault was made to alarm the witness Wheeler, it could be no higher offense than simple assault. The court had directed them if it was done to alarm the party it would be an aggravated assault. The jury convicted the appellant of an assault with intent to murder. Being an assault, it could not be a lesser grade than aggravated assault, if unlawful.

It is further contended that the court was in error in not defining what a deadly weapon was. Where a pistol is used to shoot with and a party is shot at with a pistol it is unnecessary for the court to define the same as a deadly weapon. Whenever a pistol is used as a firearm it is *per se* a deadly weapon and it is unnecessary for the court to define the same. See Hatton v. State, 31 Texas Crim. Rep., 586.

Finding no error in the record the judgment is affirmed.

*Affirmed.*