LUKE HARTFIELD v. THE STATE.

No. 729.   Decided October 26, 1910.

Rehearing Denied March 8, 1911.

**1.—Assault to Murder—Continuance—Practice on Appeal.**

Where defendant failed to reserve a bill of exceptions to the court's action in the overruling of an application for continuance, the same can not be considered on appeal.

**2.—Same—Charge of Court—Defense of Property.**

Where, upon trial of assault with intent to murder, the State's testimony showed that prosecuting witness won the money in a game of cards, and that defendant shot him because he would not give back the money; and defendant claimed that the prosecuting witness took the money out of his clothes and that there was no game, and that when defendant demanded his money prosecutor struck him with a knife and that he acted in self-defense, there was no error in the court's failure to submit the law with reference to the defense of property under article 680, Penal Code.

**3.—Same—Words and Phrases—Charge of Court.**

Where, upon trial of assault to murder, the court in submitting his charge inadvertently used the word deceased instead of the name of the injured party in one portion of the charge but submitted the matter properly throughout the other portions of the charge, and the jury could not have been misled by this inadvertence, there was no error.

**4.—Same—Charge of Court—Deadly Weapon—Firearms.**

Upon trial of assault with intent to murder, where the evidence showed that a pistol was used as a firearm, the same was a deadly weapon and it was unnecessary for the court to define a deadly weapon.

Appeal from the District Court of Morris. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jas. E. Stewart,* for appellant.—Upon the question of the court's failure to charge on defense of property: Whelis v. State, 23 Texas Crim. App., 238; Hill v. State, 10 Texas Crim. App., 618; King v. State, 13 Texas Crim. App., 277; Jackson v. State, 15 Texas Crim. App., 84; Elam v. State, 16 Texas Crim. App., 34; Myers v. State, 34 Texas Crim. Rep., 161, 29 S. W. Rep., 1074.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—On the 9th of March of this year appellant was convicted in the District Court of Morris County on a charge of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a period of two years.

There are no bills of exception in the record, and in this condition of same there are matters urged as grounds for reversal which we can not review. Among other things, an application for continuance was made in the court below, but the action of the court touching this matter is not preserved by any bill. All the matters which can in any possible event form the basis of reversal are contained in the motion for new trial, and to intelligently pass on these matters some brief statement of the case will be necessary.

It was shown by the testimony of Charlie Heath, the assaulted party, and several other witnesses, that on the day in question that he and appellant had been playing cards. That in the morning on the day in question the fortunes of the play had gone against Heath, but in the afternoon he had succeeded in winning all the money that appellant had, and that, being so relieved of his available funds, appellant wanted Heath to give him "a dollar sight," which request was refused by Heath, who stated he would give him a "four-bits sight;" that they were betting a dollar a game; that whereupon he, Heath, got up and walked away, when appellant ran after him and said he

was going to have a dollar; that thereupon he pulled out his pocketbook and said, "I will give you a dollar," when appellant said, "I don't want a dollar; I want two dollars." That about this time he drew a pistol from his pocket and presented it to witness in a hostile attitude; that he, Heath, then sat down on the ground in front of appellant and commenced talking to him, and said, "I will give you a two-dollar sight if you want to play," and appellant said, "No, fling it all from you; if you don't, I will kill you this very evening," to which he replied he would not throw it all from him, and as he started to get up appellant shot him in the head. That when shot he grabbed appellant and threw him, but he struck him twice with the pistol before he could throw him; that he called others near by to come to his assistance; that he was getting weak from the loss of blood, and that he then got up and went off. This is substantially corroborated by the testimony of several other witnesses. Appellant in his own behalf gave quite a different account of the transaction, and testified, in substance, that on the day in question he was at work sawing wood, when Heath came to him alone and tried to get a game with him, which appellant refused, saying he did not gamble; that he finally walked up to his jumper and took his money out of it—some $25; that his jumper was hanging up on a bush not far from his work; that he then walked up to Heath and asked him for his money, who replied that he would not give it to him, and at the same time pulling out a knife. That he said to him he was not going to give him anything unless he would gamble with him; that he again walked up to Heath and begged him to give him his money, which he would not do, but pulled out his knife; that he walked up to him and tried to get his jumper and money, which Heath would not let him have; that after he would not give him his jumper and money Heath pulled his knife and come at him and cut his clothing; that he then jumped back and got out of his way, and jumped back to where he got his pistol and shot at Heath; that he did not know whether he hit him or not; that he shot at him because he was cutting him and had his money and would not give it to him; that during all this time no one was present.

1. Counsel for appellant claim that there was error in the ruling of the court in that the court should have submitted the law with reference to the defense of his property. Article 680 of our Penal Code is as follows: "When, under article 677, a homicide is committed in the protection of property, it must be done under the following circumstances:

1. The possession must be of corporeal property, and not of a mere right, and the possession must be actual, and not merely constructive.

2. The possession must be legal, though the right of the property may not be in the possessor.

3. If possession be once lost, it is not lawful to regain it by such means as result in homicide.

4. Every other effort in his power must have been made by the possessor to repel the aggression before he will be justified in killing.

It will thus be seen that it is provided that if the possession of property be once lost it is not lawful to regain it by such means as will result in homicide. It must also seem evident that this was not a case of robbery by putting in fear, but a case of theft, and under the article of the statute above quoted it is manifest that the law gives appellant no right to repossess his property by means of such attack upon Heath as would result in the loss of his life or serious bodily injury.

2. It is urged that the charge of the court in respect to the presumption arising from the use of a deadly weapon is erroneous and hurtful. The particular objection to this charge is well and clearly put by appellant, and it is urged that the error and hurtfulness of the paragraph complained of lies in the fact that there was nothing in the record to show that the injured party was deceased, and the jury might have believed from said charge that before the law presumed the injured party intended to murder or inflict serious bodily injury upon the defendant by being armed at the time of the difficulty, that said injured party must have been killed, and that said charge was therefore misleading and calculated to prejudice the rights of appellant before the jury. That there is an error in the charge of the court on this question can admit of no doubt. Where the word deceased is used the trial court evidently should have written the name of Heath, but in view of the entire charge, which is as follows: "Upon the law of self-defense you are further instructed, that if from the acts of the said Charlie Heath (if any), or from his words coupled with his acts (if any), there was created in the mind of the defendant a reasonable apprehension that he (the defendant) was in danger of losing his life or of suffering serious bodily harm at the hands of the said Charlie Heath, then the defendant had the right to defend himself from such danger or apparent danger as it reasonably appeared to him at the time, viewed from his standpoint. And a party so unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant. If you believe that the defendant committed the assault as a means of defense, believing at the time he did so (if he did do so) that he was in danger of losing his life or of serious bodily injury at the hands of the said Charlie Heath, then you will acquit the defendant, on the grounds of self-defense, and if the deceased was armed at the time he was killed and was making such attack on defendant, and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or aimed to inflict serious bodily injury upon the defendant," we think it impossible, certainly most unlikely, that the use of this language should have injured appellant. Under his testimony there was no one present but Heath. Under no testimony was there any claim that any one

else than Heath assaulted him, and the intelligence of any jury must have understood that the use of the word "deceased" was inadvertent, and the true import of the charge of the court could not have been misunderstood.

3. It is also urged that there was error in the court's definition of what is meant by a deadly weapon. A pistol used as a firearm is a deadly weapon, and it was unnecessary for the court to define it at all, but if this were not so, it is not believed that the definition given by the court is substantially erroneous.

A careful inspection of the record has convinced us there was no error in the trial of the case injurious to appellant or which should work a reversal of the judgment of conviction, which is therefore affirmed.

*Affirmed.*

ON REHEARING.

March 8, 1911.

HARPER, JUDGE.—At a former day of this court the judgment of the trial court was affirmed. Appellant filed a motion for rehearing, alleging that this court was in error in holding that it was unnecessary, under the facts of this case, to charge that one has a right to kill to protect his property. The injured party had made no assault on defendant, and if any attempt at robbery was committed, it was by appellant. The State's testimony is that prosecuting witness won the money in a game, and defendant shot him because he would not give back the money. Defendant testified that there was no game, but that the prosecuting witness took the money out of his clothes, and when he discovered the theft he demanded the return of the money; that when he made the demand prosecuting witness struck at him with a knife. This, if true, made a case of self-defense. The court fairly presented this theory and the jury found against appellant's theory.

The motion for rehearing is overruled.

*Overruled*