## Hollis Hand v. The State.

No. 5559.  Decided January 14, 1920.

Rehearing denied January 26, 1921.

1.—Assault to Rape—Aggravated Assault—Minority—Adult Male.

Where, upon trial of assault to rape, defendant was convicted of an aggravated assault under sub-division 6, of Article 1022, P. C., under a proper charge of the court, the contention that defendant was under twenty-one years of age at the time and therefore not an adult male person was untenable, and there was no reversible error.

2.—Same—Statutes Construed—Degree of Offense—Indictment.

Under Article 771, C. C. P., the jury may find the defendant guilty of any degree inferior to that charged in the indictment or information, and under Article 772, C. C. P., an assault with intent to commit any felony includes all assaults of an inferior degree. Following Davis v. State, 20 Texas Crim. App., 302, and other cases.

3.—Same—Minority—Aggravated Assault—Fondling Female Against her Consent—Rule Stated.

Where the prosecution for aggravated assault is brought under Subdivision 6, Article 1022, P. C., where the means used in the infliction of the injury tended to disgrace the female assaulted, and the evidence shows an unwarranted liberty with the person of the female, etc., calculated to arouse feelings of shame, mortification, etc., the conviction for aggravated assault is sustained, and where in the instant case of an assault with intent to commit rape, the evidence showed the physical handling and contact by defendant of the female on her privates against her consent, the charge of the court under this sub-division of the statute was proper and the conviction is sustained. Following Stockton v. State, 80 Texas Crim. Rep., 521, and other cases, and defendant's minority would be no defense. Following George v. State, 11 Texas Crim. App., 95, and other cases.

4.—Same—Simple Assault—Charge of Court—Feeling of Shame—Minority.

Where, upon trial of assault to rape and conviction of aggravated assault, the appellant contended upon appeal that the evidence in the court below failed to show that the treatment of the alleged injured party by appellant produced any feeling of constraint, shame, or other humiliating emotions of the mind, but the evidence amply showed to the contrary, the conviction is sustained, although defendant was a minor at the time, and the charge on simple assault was correctly refused; besides, the latter was defective.

5.—Same—Aggravated Assault—Disagreeable Emotions of the Mind—Simple Assault.

Where, there was nothing in the evidence to suggest that defendant believed or had any right to believe that he might treat the assaulted female by fondling her person against her consent, there was no error in refusing a requested charge to the effect that if defendant did not intend to injure prosecutrix, etc., and had good reason to believe that his advances were not objected to, etc., the same would only be simple assault.

6.—Same—Fundamental Error—Charge of Court—Indecent Familiarity.

Where, upon trial of assault to rape and a conviction of aggravated assault on the ground of violent and indecent familiarity with the person of the prosecutrix against her will with intent to have carnal intercourse with her, the court submitted this cause of aggravation, which was applicable to the facts in the case, there was no reversible error. Following George v. State, 11 Texas Crim. App., 95, and other cases.

7.—Same—Rehearing—Aggravated Assault—Indecent Familiarity—Rule Stated —Minority.

Irrespective of the question of minority, a male person on trial under an indictment for assault with intent to rape may be convicted of aggravated assault upon proof of indecent familiarity with the person of a female against her will and without her consent; and where, in the instant case, such was the proceeding and the facts the conviction of aggravated assault is sustained, and there is no reversible error. Following Slawson v. State, 39 Texas Crim. Rep., 176, and other cases. Distinguishing Ellers v. State, 55 S. W. Rep., 813; Davis v. State, 76 S. W. Rep., 466.

8.—Same—Statutes Construed—Noscitur A Sociis—Rule Stated—Words and Phrases.

The decisions of our court, that a male person who violently and indecently fondles the privates of a female against her will and without her consent is guilty of aggravated assault under the terms of Sub-division 6, of Article 1022, Penal Code, irrespective of the age of the accused, is not open to the attack of the rule of construction known as *noscitur a sociis.* Following Slawson v. State, supra.

9.—Same—Simple Assault—Charge of Court.

Where, upon trial of assault to rape and a conviction of aggravated assault, there appeared no sort of support in the evidence of any theory that defendant believed that his unwarranted conduct was acceptable to the prosecutrix, the issue of simple assault is not in the case, and there was no error in failing to give a charge on simple assault.

10.—Same—Charge of Court—Bill of Exceptions—Requested Charge—Rehearing.

Appellant's contention upon rehearing, that the court's definition of aggravated assault in his charge was erroneous is not borne out by the record besides, there was no exception to said definition as given in the charge at the time, and no special instruction asked. Following Willingham v. State, 62 Texas Crim. Rep., 955, and other cases.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Dupree & Crenshaw,* for appellant.—On question of insufficiency of the evidence: Ridout v. State, 6 Texas Crim. App., 249. Miller v. State, 150 S. W. Rep., 635; and cases cited in opinion.

On question of statutory construction; and the rule of *noscitur a sociis*: Porter v. State, 26 S. W. Rep., 626; Fuller v. State, 154 S. W. Rep., 1021, and cases cited in the opinion.

*E. A. Berry,* Assistant Attorney General, and *Earl E. Carter,* County Attorney, and *N. P. Shead,* Assistant County Attorney, and *D. T. Moore,* Assistant County Attorney, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted of aggravated assault in the District Court of Hill County, and his punishment fixed at a fine of $50 and five months in the county jail.

The indictment against appellant was for an assault with intent to rape, and sufficiently charges that offense, but the trial court, after all the evidence was introduced, submitted to the jury only the question of an aggravated assault. This action of the court is most vigorously assailed by appellant in an able and ingenious brief and argument, referring to many decisions of this Court, the contention being that inasmuch as the undisputed evidence showed appellant to be under 21 years of age at the time, and, therefore, not an adult male person, that he could not be convicted of an aggravated assault upon a female.

There is also on file a strong brief for the State, prepared by Hon. Earl Carter the county attorney of Hill County.

We have carefully examined all the authorities cited, and many others, but believe this contention of appellant is not sound, and not in accord with our plain statutes and decisions. Article 771, of our C. C. P. is as follows: "Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment or information."

There is nothing ambiguous or equivocal about the language of the above article, in its plain and positive statement that in case the offense charged includes those of less degree, the jury may find the accused guilty of *any degree* inferior to that charged in the indictment. Keeping before us this article, but two questions seem open, ie. Did the offense charged in the indictment in the instant case, include a less degree? Was appellant convicted of such less degree?

Article 772, C. C. P., answers the first question fully. We quote: "The following offenses include different degrees: (1) . . . (2)

An assault with intent to commit any felony, which includes *all* assaults of an inferior degree."

The record in the instant case answers the second question, by showing that appellant was found guilty by the jury of aggravated assault, an inferior degree of assault to that charged in the indictment herein.

This question has often been before the courts, beginning as far back as the 6th Texas, in two opinions by Judge LIPSCOMB, holding as above indicated but the leading case seems to be Davis v. State, 20 Texas Crim. App., 302, an opinion by Judge WILLSON, which is followed by the Bolding case, 23 Texas Crim. App., 172, and numerous other cases, down to the present time; and we are unable to find any decision, properly construed, which holds to the contrary.

In the Lofton case, 59 Texas Crim. Rep., 270, 128 S. W. Rep., 384, wherein appellant was charged by indictment with assault to murder, it was contended on appeal that the trial court erred in submitting to the jury that the accused could be found guilty of aggravated assault if he, being an adult male person, assaulted a female, the reason for such contention being that no such allegation was found in the indictment. This Court said, in its opinion overruling said contention, and affirming the case; . . . "under an indictment for assault with intent to murder the court in submitting aggravated assault to the jury is authorized to submit to the jury either ground of the statute that constitutes aggravated assault that may be developed by the testimony directly growing out of the assault charged. See Peterson v. State, 12 Texas Crim. App., 650; Davis v. State, 20 Texas Crim. App., 302."

In the Wimberly case, 60 Texas Crim. Rep., 65, under an indictment for assault to murder, the court submitted aggravated assault, and upon appeal, the contention was made that as no grounds of aggravation were set out in the indictment, the court had no right to submit such degrees of assault. This Court affirmed that judgment, holding that such action was correct.

In Ward v. State, 68 Texas Crim. Rep., 154, 151 S. W. Rep., 1073, appellant was indicted for assault with intent to rape, and convicted of aggravated assault, the circumstance of aggravation submitted to the jury being the one contained in subdivision 3 of Article 1022, Vernon's C. C. P.; that is, that the offense was committed by an assault in a private residence. On appeal, the contention was again made that under such an indictment, the court erred in submitting aggravated assault, no ground of aggravation being laid in the indictment. This Court overruled the contention, and affirmed the case, citing our statutes, and Lacoume v. State, 65 Texas Crim. Rep., 146, 143 S. W. Rep., 626. In the Lacoume case (65 Texas Crim. Rep., 146), under an indictment for assault to murder, the trial court submitted to the jury aggravated assault, under subdivision 1, of Article 1022, C. C. P.; and upon appeal from the conviction for aggravated assault, the same contention was here made as heretofore referred to; and this Court

again overruled said contention and affirmed said case. In the opinion, the Court used the following language:

"This question has been before this court in a number of instances, and it has always been held that when a person is charged with an aggravated assault by indictment or information, the means of aggravation must be specifically alleged, but when the indictment charges an assault to murder, this embraces aggravated assault in all of its phases. That it is not necessary that the mode and manner of the commission of the offense be alleged, nor the grounds of aggravation."

In Stockton v. State, 80 Texas Crim. Rep., 521, 192 S. W. Rep., 236, the appellant was convicted of aggravated assault, under an indictment charging an assault with intent to rape. This case, in many of its salient features, is very similar to the instant case—a nineteen year old girl being taken away at night by the accused, under pretense of carrying her to a party, and being forced to fight for her honor and chastity, until well nigh exhausted, she testifying that the accused, in his attempts to have intercourse with her, got his hands on almost every part of her body. In its opinion in this case, this Court again upheld the doctrine that an indictment for assault to rape, includes aggravated assault, which may be submitted to the jury under any of the subdivisions of Article 1022, C. C. P.

In the Cirul case, 83 Texas Crim. Rep., 8, 200 S. W. Rep., 1088, an assault to rape case, the accused was convicted of an aggravated assault, the court submitting to the jury that phase of the accusation embraced in subdivision 6 of Article 1022, C. C. P., i e: Where the instrument or means used is such as to inflict disgrace upon the person assaulted; and upon appeal, it was here contended that that portion of the charge was erroneous, because no such ground of aggravation was laid in the indictment. This Court held that such conviction was proper under such indictment and course of procedure. The proof in said case showed indecent fondling of a child under the age of consent, and the insertion of the fingers of the accused into her private parts.

Reaffirming the doctrine that the fondling of the private parts of a female may be an aggravated assault, reference is made in the opinion in the Cirul case, to the Slawson case, 39 Texas Crim. Rep., 78. In the Slawson case, it being a prosecution for aggravated assault, wherein the ground of aggravation charged, was that the accused fondled the person of a female, and inserted his finger into her private parts, and the proof showed that appellant was only 20 years of age, Judge HENDERSON, speaking for this Court, comments on the fact that the prosecution was not brought under subdivision 5, of Article 1022, wherein the assault becomes aggravated by reason of the assaulting party being an adult male person, but that the same was brought under subdivision 6 of said article, wherein the ground of aggravation is that the instrument or means inflicts disgrace, and the conviction is affirmed, the learned court asserting that the means used was such as inflicts disgrace. In Judge HENDERSON's opinion, occurs the following language:

"To our minds unquestionably, the act of a male person treating a chaste female person, against her will and consent, with undue familiarity, and to the extent of forcibly feeling her private parts, would cause her to feel a keen sense of shame and dishonor. . . . To be compelled to submit to such treatment would tend to degrade her, and if known, to bring her into disgrace." This case is approved by subsequent decisions of this court.

Appellant refers us to the Ellers case, 55 S. W. Rep., 813, and to the Davis case, 76 S. W. Rep., 466, as supporting his proposition that the learned judge rendering the opinion in the Slawson case, later handed down two opinions holding contrary to the opinion in that case. We do not so understand either of said later opinions. Each of them appears to be a prosecution originally brought for aggravated assault, and presumably under subdivision 5, of Article 1022, C. C. P., and to be cases in which the allegations were not met by proof.

In the George case, 11 Texas Crim. App., 95, Judge WHITE reversed a case of aggravated assault, wherein the ground of aggravation was alleged to be that the accused was an adult male person; the reversal being for the reason that the proof showed him to be only eighteen years of age. However, the court, in discussing the question as to whether a male person under twenty-one can commit an aggravated assault upon a female, answers that question affirmatively, and uses the following language:

"That an offense of such character and under such circumstances may and can be committed as well by a male under the age of twenty-one as by an 'adult' is most unquestionable. The prosecution, however, in such a case should be based upon and carried on under subdivision 6, of article 496, Penal Code, the ground of the prosecution being that the means used in the infliction of the injury tended to disgrace the female assaulted. In harmony with this view we find the following emphatic language used by our Supreme Court in Thompson v. State, 43 Texas, 583, viz: 'The evidence shows an unwarranted liberty with the person of a female, of a gross, wanton and outrageous character, well calculated to arouse the strongest feelings of shame, mortification and indignation; which was therefore unquestionably an aggravated assault upon her.' And in further support of this view we find that a male under our laws who has attained the age of fourteen years can be tried and convicted for rape or an assault with intent to commit rape. Penal Code, arts. 533-535."

In Power v. State, 30 Texas Crim. App., 662, Judge DAVIDSON reverses an assault to rape case wherein appellant was 17 years of age, and the proof showed that he struck prosecutrix twice on the head, and this court said that that evidence showed a clear indisputable case of aggravated assault.

If necessary, we might further express our views upon this matter by asking the questions, the answers to which are plain and obvious, if a male person, under the age of twenty-one years, could commit an ag-

gravated assault under subdivisions 1, 2, 3, 4, 6, 7, etc., of Article 1022, C. C. P? Beyond a doubt the answers would affirm. Could it be held that a nineteen year old boy might commit an aggravated assault by striking his father with a cowhide, or other means which inflicts disgrace, but that if he commit the more outrageous indignity of so assaulting his mother, he is guilty only of simple assault! Such is not the law, nor intended to be the effect of any decision of this Court. We believe that a minor may commit an aggravated assault under any of the subdivisions of Article 1022, *supra,* except subdivision 5, and that it would not affect his guilt in the case, nor the right of the State to prosecute him therefor, if it should be alleged or appear upon the trial that the assaulted party was a female.

It is further contended by appellant that the evidence fails to show that the treatment of the alleged injured party by appellant produced any feeling of constraint, shame, or other humiliating emotions of the mind, and in support of this proposition, three authorities are cited. One of them is not in point, and the other two are based on facts held by this court to plainly indicate the consent of the alleged injured female to what was done by the accused.

We will not undertake to detail the testimony of the State in the instant case, showing how appellant endeavored for hours, by means of threats and persuasion, and physical handling and contact, including putting his hands forcibly under her clothes and on her privates, to induce a virtuous young girl to prostitute herself with him, but will content ourselves with briefly calling attention to the uncontradicted evidence of her mother, and other members of the family, who testified that when she reached her home, to which appellant carried her, after he found himself unable to accomplish his purpose, that she was crying like her heart was broken, and told them what appellant had tried to do to her. To us it seems a matter of supererogation to say that it is not necessary that she say on the stand, in so many words, that the conduct of appellant caused her mortification or shame.

We find, on an examination of the record, that there was only one exception reserved by appellant to the charge of the trial court, the same being upon the ground that the court failed to charge on simple assault. We observe in this connection that no correct charge on simple assault was requested by the appellant, nor do we think the facts in the case called for any such charge. Appellant did not testify on the trial, and in our opinion there is nothing in the record as made by the facts, making it the duty of the court to submit the issue of simple assault. The only ground stated in the bill of exceptions taken to the court's failure to submit simple assault, appears to be that appellant was shown to be a minor. Certainly, in our view, this was not sufficient reason for submitting a charge on simple assault.

Appellant asked two special charges, which were refused. One of them was based on appellant's minority, and sought to have the jury told that appellant could be convicted of no higher grade of offense

than simple assault, because of the fact that he was under twenty-one years of age, and this, we think, was properly refused.

The other special charge was to the effect that if appellant did not intend to injure prosecutrix, or cause her a sense of shame, or other disagreeable emotion of the mind, or if he had good reason to believe that the advances made to her would not create in her a sense of shame, or if in fact they did not create same, appellant would not be guilty of any higher offense than simple assault. We do not conceive this to be a correct principle of law, but as stated above, as we read this evidence, there is nothing to suggest that appellant believed, or had any right to believe, that he might treat this young woman, as is disclosed beyond dispute that he did. That a young girl may go all alone with a young man in a buggy at night, does not authorize him to take liberties with her, as a matter of presumption; nor does the fact that she does not throw herself out of the buggy, or scream when passing various houses, create the presumption that she invites, or suggests assent to the assaults committed thereafter, which are shown by the testimony to have been made without her consent, and against which she fought persistently and successfully.

The record contains evidence of the skill and persistence of the cross-examination to which she was subjected, but at no time was there any evidence of consent, or that the acts complained of were agreeable or acceptible to her, or that appellant had any right to think so.

Complaint is made of certain matters in the charge, claimed to be fundamental error, but we observe that in the George case, 11 Texas Crim. App., 95, this Court held that violent and indecent familiarity with a female, against her will, with intent to have connection with her, was an aggravated assault, and in the instant case the definition of aggravated assault by the court, was in substantial accord with the language of said opinion in the George case. No exception was taken to said charge, and no corrective charge asked. Under all of our holdings, this being a misdemeanor case, such action on the part of appellant was necessary.

Finding no errors of a substantial nature in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 26, 1921.

LATTIMORE, Judge.—In our original opinion we held that appellant, tho a minor, could be convicted of an aggravated assault under an indictment charging assault to rape, such conviction being based on facts in evidence supporting any of the subdivisions of Article 1022 of our Penal Code, except subdivision 5. In his charge to the jury in this

case the trial court instructed them that any indecent familiarity with the person of a female by a male person against the will and without the consent of such female was an aggravated assault, and that if they found such to be the fact they should convict.

In his motion for rehearing appellant contends that facts comprehended and submitted in said charge do not make out a case of aggravated assault under our statutes. An examination of the only objection made to said charge of the court, and also the bill of exceptions taken to the failure of said court to give a special charge on simple assault, makes it apparent that appellant's contention along this line, in the trial court, was confined to the fact that he was a minor. We are of opinion that, irrespective of the question of minority, a male person on trial under an indictment such as appears in the instant case may be convicted of aggravated assault upon proof of indecent familiarity with the person of a female against her will and without her consent. The question is not regarded by us as an open one in this State.

The language of our statutes defining aggravated assault is the same now as when the George case, 11 Texas Crim. App., 95, and the Slawson case, 39 Texas Crim. Rep., 176, and other cases, were decided. As early as Pefferling v. State, 40 Texas, 492, our Supreme Court said: "Obviously there is a distinction between an assault to commit rape and an assault to have improper connection. Any such violent or indecent familiarity with the person of a female against her will, when the latter is the extent of the purpose and intent of the aggressor, is an aggravated assault and should be punished as such." As far as we have been able to find this has been the uniform holding of our court since. In the Slawson case, *supra,* a unanimous court having before them the single question now under discussion and here urged as error by this appellant, held that for a male person to place his hands upon the privates of a female against her will and without her consent was an aggravated assault under the terms of subdivision 6 of Article 1022, Penal Code, irrespective of the age of the accused. In combating the correctness of the doctrine handed down in the Slawson case appellant seeks to invoke the rule of construction known as *noscitur a sociis.* We do not think same applicable. It is true that a term, word or phrase may be understood or recognized from the company it keeps or in which it is found, but the intent and use of said rule as we understand it, is to reach the true purport and meaning of a word, term or phrase, which is grouped with others standing in the same relation, some of which may be susceptible of more than one meaning, while others are not.

Said subdivision 6 of Article 1022, *supra,* states that any assault becomes aggravated "when the instrument or means used is such as inflicts disgrace, as an assault or battery with a whip or cowhide." In the Slawson case, *supra,* after careful consideration of the question involved, we held that by naming a whip or cowhide in said subdivision, as illustrations of the instruments by which disgrace might be inflicted,

it was not intended by the framers of our law to limit such assaults to those made by the character of instruments named. We there held that any means used in making such assault, the natural tendency of which was to disgrace the assaulted party, would make such an assault aggravated under said subdivision. We are now constrained to agree with said holding and to conclude that the terms of said subdivision 6, taken and construed both as heretofore held by this court, and in the sense in which the words and phrases thereof would be understood in common language, are broad enough to make the act of a male person guilty of indecent familiarity with a female without her consent and against her will, an aggravated assault thereunder.

A special charge that even tho appellant used undue familiarity or indecent conduct with the person of the prosecutrix, yet if he did not intend to injure her or cause her a sense of shame or other disagreeable emotion of mind, and he had good reason to believe his advances made to her would not create in her a sense of shame, or that they would not in fact do so, he would be guilty of no higher offense than simple assault—would not be a correct statement of law. The same omits the element of her lack of consent and will and it is also true that if what appellant did in the premises did not create any sense of shame and was not against the will and consent of the prosecutrix, he would be guilty of no offense. We further observe that there appears no sort of support in the evidence of any theory that appellant believed that his conduct was acceptable to the prosecutrix.

Appellant now contends that the court's definition of aggravated assault in the charge was erroneous. We do not think so, under the undisputed facts in this case, but if said contention was well founded, it would not amount to reversible error, because there was no exception to said definition as given in the charge, and no special instruction asked correcting same, as is the well settled rule in misdemeanor cases. Willingham v. State, 62 Texas Crim. Rep., 955; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317; Brown v. State, 73 Texas Crim. Rep., 577, 166 S. W. Rep., 508. In this connection we observe that it was in testimony without contradiction that this appellant placed his hands upon the limbs and privates of prosecutrix without her consent and against her will. In this condition of the record it is not believed necessary for the trial court to have told the jury they must believe said assault was with an instrument or means which could inflict disgrace, or that the omission of such charge was fundamentally erroneous. As stated above, no objection was made to said charge, nor any corrective charge asked on the subject. We are forbidden by our statutes from reversing a cause unless the error presented was calculated to injure the rights of the accused on the case as made by the record, and if it should be conceded that the charge herein would have more fully conformed to the statutory definition had it included the matter last mentioned, still, its omission was in no wise calculated to injure the appellant, inasmuch as this court has uniformly held that

such an assault as appears by the undisputed testimony herein, is with such means and instrument as inflicts disgrace.

This disposes of the contentions presented in said motion, and the same will be overruled.

*Overruled*