TOM DAVIS v. THE STATE.

No. 7869.   Decided January 2, 1924.

**1.—Assault to Rape—Aggravated Assault—Indecent Familiarity—Rule Stated.**

Where defendant was indicted for assault to rape but the trial judge submitted only an aggravated assault based on indecent familiarity with the person of a female against her will and consent, but failed to define the term indecent familiarity, and the requested charge instructed the jury that by the term indecent is meant an act which is vulgar, obscene, or offensive to modesty and delicacy the same should have been submitted and a failure to do so is reversible error.

**2.—Same—Charge of Court—Simple Assault.**

Where defendant was a minor and the taking hold of another person against her will or consent would be but a simple assault except it came under one of the subdivisions of article 1022, Penal Code, the issue of simple assault should have been submitted.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of aggravated asault; penalty, fine of $300.00. The opinion states the case.

*Collins, Dupree & Crenshaw* for appellant. On question of Court's charge Price v. State, 34 S. W. Rep., 622; Porter v. State, 26 id., 626; Davis v. State, 76 id., 466; Fuller v. State, 164 id., 1021; Duckett v. State, 150 id., 1177; Bennett v. State, 185 id., 15; Ridout v. State, 6 Texas Crim. Rep., 249.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—This appellant was indicted for an assault to rape but the learned trial judge submitted only an aggravated as-

sault based on indecent familiarity with the person of a female against her will and consent, and the conviction was for aggravated assault with a fine of $300.

Prosecutrix was a girl twenty years of age and was going from school along a path through pasture lands. She met appellant, who was a neighbor boy, at a point where the path led through some timber. When even with her he took hold of the upper part of her left arm, with both hands. She tried to get free and to induce him to turn her loose but he said, "Let's stay here awhile." She told him he had better turn her loose and he replied, "I will turn you loose directly", and when she began hollering and pulling away he put his arm around her and tried to put his hand over her mouth but she shoved his hand away and kept hollering. He turned her loose and walked away but turned and said to her, "If you tell this I will see you later." She then went home, being excited and weak so that she could hardly walk. When she got home she told of the occurrence. This is the substance of her direct testimony. On cross-examination she said the patch of timber where she met appellant was small; that a Mr. Clark's house was near enough for her to be heard if the people were at home but she saw no one at that house and the doors were closed. There was no evidence as to the age of the appellant.

This court in many cases cited and discussed in Hand v. State, 88 Texas Crim. Rep., 422, 227 S. W. Rep., 194, has committed itself to the doctrine that any male person who indulges in indecent familiarity with the person of a female against her will and consent is guilty of an aggravated assault. This seems to be recognized by appellant in the presentation of the case upon this trial both in special charges and the exceptions taken to the main charge as given.

There is no statutory definition of indecent familiarity, and when the question is whether an assault be of this character, the issue would be one of fact for the jury. The terms "indecent familiarity," as stated above, are not used in the statute, and unless same are likely to be understood generally as having a fixed meaning, some explanation of which would be thereby comprehended in a case such as this, would seem appropriate. In Webster's International Dictionary the word "indecent" is defined as that which is offensive to modesty and delicacy. As synonyms appear these words: "Indecorous; unbecoming; unseemly; immodest; gross; shameful; impure; obscene; filthy." Manifestly the use of force by a male to a female person against her consent would be indecorous, unbecoming and unseemly,—but it would not seem that all such would necessarily be impure, obscene, gross or filthy. For one to slap a woman or strike her on the head, arms or shoulder, etc., would certainly be indecorous, unbecoming and unseemly but not necessarily impure, filthy or gross. An exception was reserved to the failure of the court to give an appropriate definition of the term "indecent familiarity," and a requested charge presented which is as follows:

"Gentlemen of the Jury: You are instructed that by the term 'indecent' as used herein is meant an act which is vulgar, obscene or offensive to modesty and delicacy.

"Now, therefore, you are instructed as a part of the law of this case that even though you may believe from the evidence beyond a reasonable doubt that the defendant assaulted the prosecuting witness, Alice Green, yet unless you further believe from the evidence beyond a reasonable doubt that such assault, if any, was indecent, as that term is hereinabove defined, then and in that event you will acquit the defendant of the offense of aggravated assault."

We think this charge or one substantially the same should have been given.

Appellant asked another special charge as follows:

"Gentlemen of the Jury: You are instructed that even though you may believe from the evidence beyond a reasonable doubt that the defendant placed his hands upon or his arm about the prosecuting witness, Alice Green, yet unless you believe from the evidence beyond a reasonable doubt that in so doing the defendant did so through lust or with intent to fondle her person, you cannot convict the defendant of an aggravated assault. In other words, if you believe or have a reasonable doubt from the evidence that in so doing, if he did, the defendant intended merely to detain the said Alice Green for some innocent purpose, then in that event you will acquit the defendant of the offense of aggravated assault."

Bearing in mind that appellant was a minor and that the taking hold of another person against his will or consent would be but a simple assault, except it came under one of the subdivisions of Article 1022 of the Penal Code, the question arises as to whether we would be justified in holding as a matter of law that a male person could not touch or grasp the arm of a female against her consent for any innocent purpose or without same being indecent familiarity. If not so justified, then it was error for the learned trial judge to withhold from the jury such isue of fact. There seems no dispute of the proposition that this boy caught this girl by the arm and thus detained her; nor of the fact that he put his arm around her when she tried to escape. This was unquestionably wrong and should subject him to punishment,—greater or less,—according to his purpose. What was his purpose? If to violate this girl or fondle her person it would be an offense greater than if to detain her for a purpose not disgraceful. Who was to decide what his purpose was? There can be but one answer. The jury under appropriate instructions. How could the jury decide such issue when the court refused to submit same to them? In our opinion this charge or one embodying this principle should also have been given. While it is the law that a man who in any way makes an assault upon a female is guilty of aggravated assault, this is not true of a minor, and unless there be

ground of aggravation other than the mere fact that the minor charged took hold of the female, he would not necessarily be guilty of an aggravated assault. If what we have said be correct, it would follow that the issue of a simple assault would be involved where the question of the indecent character of the assault was left in doubt upon the facts.

For the errors mentioned the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*