## DAVIS v. STATE. (No. 7869.)

(Court of Criminal Appeals of Texas. Jan. 2, 1924.)

**1. Assault and battery ⊜═96(5)—"Indecent familiarity," relative to aggravated assault, to be defined by charge.**

In submitting the issue of aggravated assault, within the rule that "indecent familiarity" by any male person with the person of a female against her will, and without her consent, is such an assault under Pen. Code 1911, art. 1022, subd. 6, a charge should be given defining such familiarity, substantially, as an act which is vulgar, obscene, or offensive to modesty and delicacy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indecent Liberties.]

**2. Assault and battery ⊜═96(5)—Infants ⊜═68—Requested charge as to degree of assault where minor grasped female held proper.**

A minor not being guilty of aggravated assault, unless there be ground of aggravation other than the mere fact that he took hold of a female, and it being impossible to say, as matter of law, that, in detaining her by grasping her arm and putting his arm about her, he did not do so for an innocent purpose, or that such act constituted "indecent familiarity" within Pen. Code 1911, art. 1022, subd. 6, there should be given the substance of a requested charge that, unless the jury believe beyond a reasonable doubt that he did as he did through lust or with intent to fondle her per-

son, or intended more than to detain her for some innocent purpose, they could not convict of aggravated assault.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Tom Davis was convicted of aggravated assault, and appeals. Reversed and remanded.

Collins, Dupree & Crenshaw, of Hillsboro, for appellant.

Tom Garrard, State's Atty., of Midland, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

LATTIMORE, J. This appellant was indicted for an assault to rape, but the learned trial judge submitted only an aggravated assault, based on indecent familiarity with the person of a female against her will and consent, and the conviction was for aggravated assault, with a fine of $300.

Prosecutrix was a girl 20 years of age, and was going from school along a path through pasture lands. She met appellant, who was a neighbor boy, at a point where the path led through some timber. When even with her, he took hold of the upper part of her left arm with both hands. She tried to get free and to induce him to turn her loose, but he said, "Let's stay here awhile." She told him he had better turn her loose, and he replied, "I will turn you loose directly," and when she began hollering and pulling away he put his arm around her and tried to put his hand over her mouth, but she shoved his hand away and kept hollering. He turned her loose, and walked away, but turned and said to her, "If you tell this I will see you later." She then went home, being excited and weak so that she could hardly walk. When she got home she told of the occurrence. This is the substance of her direct testimony. On cross-examination she said the patch of timber where she met appellant was small; that a Mr. Clark's house was near enough for her to be heard if the people were at home, but she saw no one at that house, and the doors were closed. There was no evidence as to the age of the appellant.

[1] This court, in many cases cited and discussed in Hand v. State, 88 Tex. Cr. R. 422, 227 S. W. 194, has committed itself to the doctrine that any male person who indulges in indecent familiarity with the person of a female against her will and consent is guilty of an aggravated assault. This seems to be recognized by appellant in the presentation of the case upon this trial, both in special charges and the exceptions taken to the main charge as given.

There is no statutory definition of indecent familiarity, and, when the question is whether an assault be of this character, the issue would be one of fact for the jury. The terms "indecent familiarity," as stated above, are not used in the statute, and, unless same are likely to be understood generally as having a fixed meaning, some explanation of what would be thereby comprehended in a case such as this would seem appropriate. In Webster's International Dictionary the word "indecent" is defined as that which is offensive to modesty and delicacy. As synonyms appear these words: "Indecorous; unbecoming; unseemly; immodest; gross; shameful; impure; obscene; filthy." Manifestly the use of force by a male to a female person against her consent would be indecorous, unbecoming, and unseemly—but it would not seem that all such would necessarily be impure, obscene, gross, or filthy. For one to slap a woman or strike her on the head, arms, or shoulder, etc., would certainly be indecorous, unbecoming, and unseemly, but not necessarily impure, filthy, or gross. An exception was reserved to the failure of the court to give an appropriate definition of the term "indecent familiarity," and a requested charge presented which is as follows:

"Gentlemen of the jury: You are instructed that by the term 'indecent,' as used herein, is meant an act which is vulgar, obscene, or offensive to modesty and delicacy.

"Now, therefore, you are instructed as a part of the law of this case that, even though you may believe from the evidence beyond a reasonable doubt that the defendant assaulted the prosecuting witness, Alice Green, yet unless you further believe from the evidence beyond a reasonable doubt that such assault, if any, was indecent, as that term is hereinabove defined, then and in that event you will acquit the defendant of the offense of aggravated assault."

We think this charge or one substantially the same should have been given.

[2] Appellant asked another special charge as follows:

"Gentlemen of the Jury: You are instructed that, even though you may believe from the evidence beyond a reasonable doubt that the defendant placed his hands upon or his arm about the prosecuting witness, Alice Green, yet unless you believe from the evidence beyond a reasonable doubt that in so doing the defendant did so through lust or with intent to fondle her person, you cannot convict the defendant of an aggravated assault. In other words, if you believe or have a reasonable doubt from the evidence that in so doing, if he did, the defendant intended merely to detain the said Alice Green for some innocent purpose, then and in that event you will acquit the defendant of the offense of aggravated assault."

Bearing in mind that appellant was a minor and that the taking hold of another person against his will or consent would be but a simple assault, except it came under one of the subdivisions of article 1022 of the Penal Code, the question arises as to whether we would be justified in holding as a matter of law that a male person could not touch or grasp the arm of a female against her consent for any innocent purpose or without same be-

ing indecent familiarity. If not so justified, then it was error for the learned trial judge to withhold from the jury such issue of fact. There seems no dispute of the proposition that this boy caught this girl by the arm, and thus detained her; nor of the fact that he put his arm around her when she tried to escape. This was unquestionably wrong, and should subject him to punishment—greater or less—according to his purpose. What was his purpose? If to violate this girl, or fondle her person, it would be an offense greater than if to detain her for a purpose not disgraceful. Who was to decide what his purpose was? There can be but one answer: The jury under appropriate instructions. How could the jury decide such issue when the court refused to submit same to them? In our opinion this charge, or one embodying this principle, should also have been given. While it is the law that a man who in any way makes an assault upon a female is guilty of aggravated assault, this is not true of a minor, and, unless there be ground of aggravation other than the mere fact that the minor charged took hold of the female, he would not necessarily be guilty of an aggravated assault. If what we have said be correct, it would follow that the issue of simple assault would be involved where the question of the indecent character of the assault was left in doubt upon the facts.

For the errors mentioned, the judgment of the trial court must be reversed and the cause remanded.