### Noble Tiller v. The State.

No. 8248.   Decided May 7, 1924.

**1.—Assault to Murder—Aggravated Assault—Deadly Weapon.**

Where, upon trial of assault to murder, the court also instructed upon aggravated assault, it was not necessary in his charge to instruct the jury that the pistol was a deadly weapon, or to submit to them the question as to whether it was in fact such weapon, under the facts of the instant case. Following:   Hartfield v. State, 61 Texas Crim. Rep., 515, and other cases.

**2.—Same—Requested Charge—Aggravated Assault.**

This court does not think that the court's charge as a whole was open to the exception taken, and that when paragraph seven is considered in connection with the remainder of the charge and the undisputed facts in the case, no error appears with reference to aggravated assault, and the judgment is affirmed.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.00 and six months' confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was indicted in the District Court of Taylor County of an assault with intent to murder and upon trial was found guilty of an aggravated assault and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of six months.

In submitting the law of aggravated assault the learned trial judge told the jury that an unlawful assault became aggravated when serious bodily injury was inflicted, or when committed with a deadly weapon, etc. The undisputed proof in the case establishes that appellant shot the injured party with a pistol through the stomach inflicting upon him a wound from which death would have resulted in a short time but for prompt medical assistance. This latter fact was in testimony from a doctor and was not controverted. The pistol was used as a firearm. We do not think it necessary for the court in the charge to instruct the jury in such case that the pistol was a deadly weapon, or to submit to them the question as to whether it was in fact such weapon. Gallaher v. State, 28 Texas Crim. App., 266; Lofton v. State, 59 Texas Crim. Rep., 270; id 296; Hartfield v. State, 61 Texas Crim. Rep., 515.

The record is before us without any bills of exception. An exception was taken to the charge, which exception was approved and filed and presents appellant's complaint at paragraph seven of the court's charge because it permitted the jury to convict of aggravated assault in the absence of proof of facts which constituted such assault. We do not think the charge as a whole open to the exception taken and that when paragraph seven is considered in connection with the remainder of the charge and the undisputed facts in the case, no error appears.

Believing from the record that appellant has had a fair trial, an affirmance will be ordered.

*Affirmed.*