**TILLER v. STATE.    (No. 8248.)**

(Court of Criminal Appeals of Texas.    May 7, 1924.)

Homicide ⟨⟩268, 290—Unnecessary for court to charge in prosecution for assault with intent to murder that pistol is a deadly weapon.

Where defendant shot injured party through stomach with a pistol, it was unnecessary in a prosecution for assault with intent to murder for court to charge that pistol was a deadly weapon, or to submit the issue whether it was such a weapon.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Noble Tiller was convicted of aggravated assault, and he appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J.    Appellant was indicted in the district court of Taylor county of an assault with intent to murder, and upon trial was found guilty of an aggravated assault, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of six months.

In submitting the law of aggravated assault the learned trial judge told the jury that an unlawful assault became aggravated when serious bodily injury was inflicted, or when committed with a deadly weapon, etc. The undisputed proof in the case establishes that appellant shot the injured party with a pistol through the stomach, inflicting upon him a wound from which death would have resulted in a short time but for prompt medical assistance. This latter fact was in testimony from a doctor, and was not controverted. The pistol was used as a firearm. We do not think it necessary for the court in

the charge to instruct the jury in such case that the pistol was a deadly weapon, or to submit to them the question as to whether it was in fact such weapon. Callaher v. State, 28 Tex. App. 266, 12 S. W. 1087; Lofton v. State, 59 Tex. Cr. R. 270, 128 S. W. 384; Kosmoroski v. State, 59 Tex. Cr. R. 296, 127 S. W. 1056; Hartfield v. State, 61 Tex. Cr. R. 515, 134 S. W. 1180.

The record is before us without any bills of exception. An exception was taken to the charge, which exception was approved and filed, and presents appellant's complaint at paragraph 7 of the court's charge, because it permitted the jury to convict of aggravated assault in the absence of proof of facts which constituted such assault. We do not think the charge as a whole open to the exception taken, and that, when paragraph 7 is considered in connection with the remainder of the charge and the undisputed facts in the case, no error appears.

Believing from the record that appellant has had a fair trial, an affirmance will be ordered.