SHERMAN HENNINGTON V. THE STATE.

No. 21544. Delivered April 2, 1941.

450

The opinion states the case.

*Otis Rogers* and *Nelson Scurlock,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is aggravated assault; the puinshment, confinement in jail for two years.

The count of the information under which appellant was convicted, omitting the formal parts, read as follows:

"Sherman Hennington * * * did unlawfully commit an aggravated assault and battery in and upon Mrs. B. S. Singleton, by means which inflict, and did inflict, disgrace upon the said Mrs. B. S. Singleton, to-wit, by grabbing hold of her person and exposing in her presence, his, the said defendant's, private parts, all against her will and without her consent, the said defendant being then and there a male person and the injured party being then and there a female."

Appellant is a negro boy. Mrs. Singleton testified that on the 23rd of July, 1940, between 11 and 12 o'clock in the morning,

as she was returning to her home from a beauty shop, appellant stepped out of some grass and weeds and grabbed her by the arm. She struck appellant with her umbrella, started screaming, and ran away from him. While she was running, a delivery truck driven by an employee of a drygoods company came up to her. She entered the truck and was driven to her home. Appellant did not testify but introduced witnesses whose testimony raised the issue of alibi. Several witnesses for appellant testified that his general reputation as a peaceable and law-abiding citizen was good.

There was no proof that appellant exposed his private parts, as charged in the information, and there was no proof that he said anything to Mrs. Singleton at the time he grabbed her by the arm. Under the circumstances, we gravely doubt whether the evidence is sufficient to support a conviction for aggravated assault. At all events, the issue of simple assault should have been submitted to the jury. In Davis v. State, 257 S. W. 254, it appears that a minor took hold of a girl's arm with both hands. When she remonstrated he put his arm around her and tried to put his hand over her mouth, this occurring while the girl was going home from school along a path through pasture lands. In that case Davis requested the following special charge:

"You are instructed that, even though you may believe from the evidence beyond a reasonable doubt that the defendant placed his hands upon or his arm about the prosecuting witness, Alice Green, yet unless you believe from the evidence beyond a reasonable doubt that in so doing the defendant did so through lust or with intent to fondle her person, you cannot convict the defendant of an aggravated assault. In other words, if you believe or have a reasonable doubt from the evidence that in so doing, if he did, the defendant intended merely to detain the said Alice Green for some innocent purpose, then and in that event you will acquit the defendant of the offense of aggravated assault."

In holding that the charge should have been submitted to the jury. Judge Lattimore, speaking for the court, used language as follows:

"Bearing in mind that appellant was a minor and that the taking hold of another person against his will or consent would be but a simple assault, except it came under one of the subdivisons of article 1022 of the Penal Code, the question arises as to whether we would be justified in holding as a matter of law that a male person could not touch or grasp the arm of a

female against her consent for any innocent purpose or without same being indecent familiarity. If not so justified, then it was error for the learned trial judge to withhold from the jury such issue of fact. There seems no dispute of the proposition that this boy caught this girl by the arm, and thus detained her; nor of the fact that he put his arm around her when she tried to escape. This was unquestionably wrong, and should subject him to punishment—greater or less—according to his purpose. What was his purpose? If to violate this girl or fondle her person, it would be an offense greater than if to detain her for a purpose not disgraceful. Who was to decide what his purpose was? There can be but one answer: The jury under appropriate instructions. How could the jury decide such issue when the court refused to submit same to them? In our opinion this charge, or one embodying this principle, should also have been given. While it is the law that a man who in any way makes an assault upon a female is guilty of aggravated assault, this is not true of a minor, and, unless there be ground of aggravation other than the mere fact that the minor charged took hold of the female, he would not necessarily be guilty of an aggravated assault. If what we have said be correct, it would follow that the issue of simple assault would be involved where the question of the indecent character of the assault was left in doubt upon the facts."

In the present case the court fell into error in declining to submit a requested instruction of the appellant which was couched in substantially the same language as that dealt with in the Davis case.

The court should have defined the term "indecent familiarity" as that term is defined in Davis v. State, supra. Also the jury should have been instructed to acquit appellant unless they believed beyond a reasonable doubt that the assault upon the prosecutrix, if any, was indecent. Requested instructions touching the matter were timely presented to the court.

The trial court declined to permit, after proper predicate had been laid, testimony by a witness to the effect that appellant's general reputation as a peaceable and law-abiding citizen was good. The objection of counsel for the State was to the effect that no proper predicate had been laid and that appellant had not taken the witness stand. Appellant was not required to take the witness stand before he could introduce

proof touching his general good reputation in the respect mentioned. The court was in error in his ruling.

Over proper objection by appellant, a witness who had testified that his general reputation as a peaceable and law-abiding citizen was good was permitted to testify upon cross-examination by the State that she had seen a statement in the paper to the effect that appellant had indecently exposed his person in a public place. The offense inquired about occurred at a date later than the offense for which the appellant was on trial. Appellant's objection should have been sustained. We quote from Kitchens v. State, 10 S. W. (2d) 999, as follows:

"It is the rule that a witness to the good character of the accused may be asked upon cross-examination whether he had heard rumors of particular charges or acts of the accused inconsistent with the character the witness is called to prove, not to establish the truth of such charges, but to test the credibility of the witness and enable the jury to weigh his evidence. Townsley v. State, 103 Texas Cr. R. 508, 281 S. W. 1054.

"An exception to the rule stated is that the inquiry touching the past conduct of the accused, of which the witness has heard, must be confined to happenings antecedent to the commission of the offense for which the accused is on trial."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.