## Dolph Logan v. The State.

### No. 1953. Decided December 21, 1898.

**1. Continuance—Practice.**

Where an application for a continuance fails to show whether it is a first or second application, it is proper to consider it as a second application.

**2. Same—Second Application for—Requisite.**

To be sufficient, a second application for a continuance must show that the absent testimony could not be supplied from other sources. It must show that there is reasonable expectation of securing the attendance of the absent witnesses at the next term if a continuance is granted. It must show that sufficient diligence has been used to procure the attendance of the witnesses.

**3. Charge of Court—Must Be Signed and Certified.**

Code of Criminal Procedure, article 718, requires that the charges given by the court to the jury must be certified by the judge, etc. This is mandatory.

**4. Same—Practice on Appeal.**

When a general charge has been signed by the judge, this does not obviate the necessity of signing additional charges given by him afterwards to supply omissions in the general charge. And where a proper bill of exceptions has been reserved on account of the judge's failure to sign such additional charges, and the bill appears in the record on appeal, the court on appeal can not presume, under provisions of the Acts of the Twenty-fifth Legislature, p. 11, amending article 904, Code of Criminal Procedure, and Acts of the Twenty-fifth Legislature, p. 17, amending article 723, Id., that such additional charges were properly certified.

**5. Murder—Failure to Charge Properly Upon Reasonable Doubt—Fundamental Error.**

A failure to give a proper charge upon reasonable doubt is fundamental error. And on a trial for murder, where the court on the subject of reasonable doubt only charged the jury that if they had a reasonable doubt whether or not the defendant killed the deceased, they should acquit him; Held, the charge was erroneous in that it, in effect, deprived defendant of any reasonable doubt upon any other question or phase of the case, and only authorized an acquittal in case the jury entertained a reasonable doubt that defendant killed deceased, a fact as to which defendant did not even raise an issue.

Appeal from the District Court of Cherokee. Tried below before Hon. Tom C. Davis.

Appeal from a conviction for murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

This is the second appeal in this case. See Logan v. State, 39 Texas Criminal Reports, 573, which is referred to for a summary of the important facts proved on both trials in the lower court. The matters discussed in the opinion on this appeal do not require additional elucidation.

*Weeks & Fleager,* for appellant.—The trial court after reading his charge to the jury discovered that he had failed to give the charge on presumption of innocence and reasonable doubt, as required by law, and prepared a charge covering the same, and read and attached it to his original charge, but did not sign the same as required by law. True, the main body of his charge was signed, and the other charge on a separate leaf was attached to the main body of the charge, which to our mind only made bad matters worse; since the jury, on retiring and read-

ing the charge of the court, would read no further than the judge's signature, and if perchance they should discover the attached leaf on reasonable doubt, would not consider it as the law of the case, because the judge had not signed the same. Had the honorable court failed to charge on reasonable doubt, and defendant had asked a charge covering same, which his honor gave, but failed to authenticate the same, as required by article 722 of the Code of Criminal Procedure, certainly it would be reversible error, and the fact that the court might attach the requested charge to his original charge would not cure the error. We think article 722 of the Code of Criminal Procedure has clearly been disregarded, and the error having been duly excepted to when the motion for a new trial was overruled, as required by article 723 of the Code of Criminal Procedure, it was reversible error.

We next take issue with the learned trial judge on that paragraph of his charge in which he charges the jury as follows: "If you have a reasonable doubt that defendant killed Emmett Simpson, you will acquit him."

Our understanding of the law has always been that the jury were the exclusive judges of the facts proven, but if that paragraph of the charge of the court in this case as quoted above is a correct exposition of the law, then we must confess our ignorance. The court having charged the jury, that if they had a reasonable doubt that the defendant killed Emmett Simpson, they would acquit him, the converse of the proposition would naturally follow viz., that if such reasonable doubt did not exist, then they would convict the defendant.

Under this paragraph of the charge (which is the only time the court ever tells the jury they can under any circumstances acquit the defendant) we think the natural construction would be that, if the jury did believe the defendant killed the deceased, then in no event could they find him not guilty, but they must find him guilty of murder in the second degree or manslaughter. This, in our opinion, a court under no circumstances would be warranted in doing; it is the province of the jury alone, absolutely, to declare whether the accused is guilty or not guilty.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty-five years; hence this appeal.

He complains of the action of the court in overruling his motion for a continuance. The motion for continuance is predicated on the absence of Will Goodman, alleged to reside in Smith County, and Jake Lane, and M. L. Earle, and William Brown, residents of Jacksonville, Cherokee County. The application does not state whether it was the first or second application for continuance. If it was the first, this should have been shown. As a second application, it did not fulfill the

requirements of the law. It does not show that the testimony of the absent witnesses could not be supplied from other sources. Nor does it show that appellant had a reasonable expectation of securing their attendance if the case were continued to the next term. Nor does it show that sufficient diligence was used to procure the attendance of said witnesses. As presented and treated by the court as the second application (and the court was so authorized to treat it), there was no error in the action of the court in overruling it.

Appellant urges a reversal of this case on account of the charge of the court, insisting that the court failed to give a charge on reasonable doubt, as applied to the case; that the only charge given on this subject was with reference to whether or not the jury should believe that appellant killed deceased. In this connection, at the request of appellant, the original charge of the court constitutes a part of the record, and is before us for inspection. From that, as well as from a copy of the charge as contained in the record, we find the same to be in the following condition: The court gave a charge covering the various phases in the case, and which was signed by the judge. Contained in said charge we find the following charge is all the charge given on reasonable doubt, to wit: "If you have a reasonable doubt that the defendant killed Emmett Simpson, you will acquit him." Following the charge so signed and certified, we find the following: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him, and say by your verdict, 'Not guilty.' You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony; but you are bound to receive the law from the court, which is herein given you, and be governed thereby." This is not signed by the judge. The judge explains his failure to sign this in the following manner: "The instruction in reference to presumption of innocence was given to the jury with the main charge. After I had prepared the charge, I discovered I had omitted to charge as to the presumption of innocence, and I prepared the charge and gave it to the jury as a part of the charge, though my signature appeared before the charge on presumption of innocence. The clerk will forward to the Court of Appeals the original charge in case, with the record." Article 718, Code of Criminal Procedure, requires: "The general charge given by the court, as well as those given or refused at the request of either party, shall be certified by the judge and filed among the papers in the cause, and shall constitute a part of the record of the cause." This requirement—that is, the signing of the charges given by the court—has been held to be mandatory by an unbroken line of decisions. See article 718, Willson's New Crim. Proc., and authorities cited in note 1. Under a recent act of the Legislature (see Acts Twenty-fifth Legislature, page 11) it is provided, among other things, "that it will be presumed that the charge of the court was certified by the judge and filed

by the clerk of the court before it was read to the jury, unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by the bill of exceptions properly signed and allowed by the judge, or proven up by bystanders as is now provided by law, and incorporated in the transcript as required by law." And it is further provided by the same Legislature (page 17) that "no judgment in a criminal case shall be reversed for disregard of article 718, requiring a charge to be given and certified, unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on motion for new trial."

The first proposition is, does it sufficiently appear that said charge on presumption of innocence and reasonable doubt was not certified to by the judge, and a failure to so certify reserved by a proper bill of exceptions? As shown by the judge's certificate to the bill, this is not a case where the clerk may have improperly arranged the different pages thereof in filing the charge. Evidently, as shown by the judge, his general charge had been completed and signed by him, when his attention was called to the omission, and he gave the additional charges on presumption of innocence and reasonable doubt. These were not signed. The judge believed that the signing of the general charge was sufficient and would cover the additional charges given. We can not agree to this contention. As presented, they form no portion of the general charge, were not included therein, and were as much separate charges as if they had been formulated by appellant and given by the court at his request. We therefore hold that said charges were not signed by the judge, and that the failure to so sign them was reserved by a proper bill of exceptions, certified by the trial judge, and we can not treat the same as a part of the charges given.

The second proposition with which we are concerned is, was the omission to instruct the jury on the question of reasonable doubt such error as requires a reversal of this case? If this omission is supplied in the charge as given, obviously there was no error. On recurring to that charge, however, we find that the only charge given on the subject of reasonable doubt was an instruction to the jury, if they had a reasonable doubt whether or not defendant killed Emmett Simpson, to acquit him. The effect of this charge, it occurs to us, was to deprive appellant of any reasonable doubt upon any other question or phase of the case. No issue whatever was made as to the fact that appellant did kill the deceased, and yet, by the instruction of the court, this was the only contingency that authorized an acquittal of the defendant. Instead of being told, if they had a reasonable doubt of the guilt of defendant, to acquit him, they were told they could only acquit him in case they entertained a reasonable doubt that he killed him. The question of reasonable doubt, as presented in the charge, was more hurtful to appellant than if the court had been altogether silent on the subject. It has been invariably held by this court that the failure of the trial court to give a proper charge on reasonable doubt was a fundamental error. See

Willson's New Crim. Proc., art. 765, note 4, and Penal Code, art. 713, note 20. We hold in this case that the charge should have been given, and that the charge on the subject as given by the court, instead of curing the error, emphasized it. This is the second appeal in this case, but, under the law, we are required to reverse it because of the error of the learned judge in failing to properly instruct the jury. The provisions regulating this subject are statutory, and have long since been construed by this court as mandatory. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*