AB. JACKSON v. THE STATE.

. No. 2178.  Decided February 13, 1901.

**Slander—Evidence—Slander by Other Parties.**

On a trial for slander, evidence that other slanders uttered against prosecutrix by other parties long subsequent to that charged against defendant, and that they had been indicted for the same, is inadmissible.

APPEAL from the County Court of Jack.  Tried below before Hon. THOMAS F. HORTON, County Judge.

Appeal from a conviction of slander; penalty, a fine of $100 and ten days imprisonment in the county jail.

The indictment charged appellant with slander by imputing a want of chastity to Civility Cunningham, an unmarried female.

No statement necessary.

*W. E. Taylor* and *J. C. Houts,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $100 and ten days confinement in the county jail. The indictment alleges the offense of slander, in that appellant, by the use of a most vulgar term, stated he had had carnal intercourse with the prosecutrix. The allegations are that the slander was imputed on the 15th day of June, 1899, and the imputation was a specific act of intercourse had by himself with the girl. Appellant offered as witnesses Dan Blackwell and Will Miller, and expected each to swear that he had had sexual intercourse with the prosecutrix. The bill of exceptions fails to state at what time these witnesses would swear this intercourse occurred, but appellant also offered in support of this an indictment against each, charging them with slander of the same girl. These indictments are shown by the bill of exceptions to impute the slander in July and September, 1900. So it will be seen that, if the bill can be aided by the recitations in the indictments, the acts occurred long subsequent to the imputation against the girl made by appellant. This testimony was rejected. The object or purpose of introducing this testimony is not stated in the bill, and we believe it would be sufficient to rest our decision upon the vagueness of the bill itself. We are of opinion, however, that the evidence was not admissible as original evidence on the part of appellant. Van Dusen's case, 34 Texas Criminal Reports, 456, is relied upon to support appellant's contention. Without reviewing that case, it is sufficient to state it is not in point. The testimony rejected in Van Dusen's case, and which was predicate of reversal, were acts of intercourse occurring prior to the imputation of a want of chastity charged in the indictment. Here Blackwell's and Miller's imputations occurred long subsequent, and could not possibly have had any effect upon the mind of appellant at the time he spoke the slanderous words. The court, therefore, did not err in rejecting the proposed evidence of these witnesses. Prosecutrix's reputation was good for chastity up to the time appellant imputed the intercourse, and his friends thereafter sought to build up a bad reputation. The evidence is sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*