ED. DUMAS v. THE STATE.

No. 3051. Decided March 8, 1905.

**Aggravated Assault—Former Conviction.**

Where defendant had been convicted of a simple assault or an affray in a justice court and was afterwards tried in the county court for an aggravated assault upon the same transaction, and the charge of the county court instructed the jury that if they should find defendant guilty of simple assault to acquit him, there was no error, and a conviction for aggravated assault will not be disturbed.

Appeal from the County Court of Hood. Tried below before Hon. K. H. Faulkner.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*H. D. Payne,* for appellant.—Smith v. State, 18 Texas Crim. App., 329; Gresham v. State, 19 id., 504.

*Howard Martin,* Assistant Attorney-General, for the State.—Reagan v. State, 51 S. W. Rep., 914; Davis v. State, 39 Texas Crim. Rep., 681; art. 590, Code Crim. Proc.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault and battery and fined $50. The State's case clearly shows an aggravated assault and battery. Appellant interposed a plea of former conviction in the justice court. Shortly after the alleged assault, complaint was filed in the justice court, and the conviction for simple assault or an affray was obtained. The court instructed the jury, if they should find appellant guilty of aggravated assault to convict; and further instructed them, if they should find him guilty of simple assault, to acquit. Under the decisions in this State and the law as enunciated, those charges were correct. We deem it unnecessary to enter

into a discussion of these matters. Davis v. State, 39 Texas Crim. Rep., 681. The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]