### Ross Alberson v. The State.

#### No. 3703.   Decided June 6, 1908.

**1.—Local Option—Charge of Court—Unsigned Special Charges.**

Where upon trial of a violation of the local option law, it affirmatively appeared that the requested charges, some of which were pertinent and indispensable, were not signed or duly certified by the judge trying the case, all of which was evidenced by proper bill of exceptions, and did not comply with article 718 and 904, Code Criminal Procedure, the same was reversible error. Following Logan v. State, 40 Texas Crim. Rep., 85.

**2.—Same—Evidence—Search and Seizure.**

Where upon trial of a violation of the local option law the court admitted in evidence testimony with reference to a search under the Act of the Thirtieth Legislature, about one year after the commission of the alleged offense, which said offense occurred before the passage of the said search and seizure law, the same was inadmissible.

Appeal from the County Court of Coleman. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of admitting evidence: Cases cited in opinion, also Carter v. State, 76 S. W. Rep., 437; Stewart v. State, 37 Texas Crim. Rep., 135; 38 S. W. Rep., 1144; Goode v. State, 32 Texas Crim. Rep., 505; 24 S. W. Rep., 102; Bain v. State, 48 Texas Crim. Rep., 635; 44 S. W. Rep., 518; 1 Greenleaf on Evidence, sec. 459. On question of the court's failure to sign special charges: Carr v. State, 5 Texas Crim. App., 153; Jefferys v. State, 9 Texas Crim. App., 598; Smith v. State, 1 Texas Crim. App., 408; Burnett v. State, 79 S. W. Rep., 550, and authorities cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Brown County, on a charge of violating the local option law and his punishment assessed at a fine of $100 and confinement in the county jail for sixty days. During the trial the court submitted to the jury at the request of appellant, six special charges relating to various issues in the case, most of which are pertinent and some of which were indispensable, considered in connection with the court's general charge, to have been given. None of these special charges were verified, or in any manner authenticated by the court, nor were they signed by the trial judge as such.

1. The court's general charge contained the following clause: "You are the exclusive judges of the facts proved, and the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the court which is *herein given you and* be governed thereby." The fact that the court had not signed the charges seems not to have been discovered by counsel for appellant until after the verdict of the jury was rendered. The facts, however, show that these charges were by counsel handed to the court and were not thereafter in their possession until after the verdict was rendered. They were read to the jury by the court, with a verbal statement that they would be considered in connection with the court's general charge. Article 718, of our Code of Criminal Procedure, is as follows: "The general charge given by the court, as well as those given or refused at the request of either party, shall be certified by the judges and filed among the papers in the cause, and shall constitute a part of the record of the cause." This court held in the case of Logan v. State, 40 Texas Crim. Rep., 88, that this provision of our Code of Criminal Procedure was mandatory. In that case the court had completed his general charge when it was discovered that he had not sufficiently instructed the jury in respect to the doctrine of reasonable doubt under the facts, and to the effect that they were the exclusive judges of the credibility of the witnesses and as to the weight of their testimony. Such a charge, however, followed a general charge which was signed by the court. In explaining the matter, the judge says: "The instruction in reference to presumption of innocence was given to the jury with the main charge. After I had prepared the charge I discovered I had omitted to charge as to the presumption of innocence, and I prepared the charge and gave it to the jury as a part of the charge, though my signature appeared before the charge on presumption of innocence." Discussing this matter, Judge Henderson, speaking for the court, says: "As shown by the judge's certificate to the bill, this is not a case where the clerk may have improperly arranged the different pages thereof in filing the charge. Evidently, as shown by the judge, his general charge had been completed and signed by him, when his attention was called to the omission, and he gave the additional charges on presumption of innocence and

reasonable doubt. These were not signed. The judge believed that the signing of the general charge was sufficient and would cover the additional charges given. We cannot agree to this contention. As presented, they form no portion of the general charge, were not included therein, and were as much separate charges as if they had been formulated by appellant and given by the court at his request. We therefore hold that said charges were not signed by the judge, and that the failure to so sign them was reserved by a proper bill of exceptions, certified by the trial judge, and we cannot treat the same as a part of the charges given." Additional strength is lent to appellant's contention by reference to article 904, of our Code of Criminal Procedure, which provides, in substance, that the court shall presume that the venue was proven in the court below; that the *charge* of the court was *certified* by the judge and filed by the clerk of the court before it was read to the jury, unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge of the court below. It would seem to be an inevitable conclusion that the effect of this article, taken in connection with article 718, is that if it does affirmatively appear that the charge of the court was not duly certified by the judge trying the case, that when such fact is evidenced by a proper bill that it must have the effect to reverse such case.

2. On the trial, over the protest and objection of appellant, the State was permitted to prove by the appellant that he had been engaged in the club business in Brownwood, Brown County, Texas, for eight months since the alleged commission of the offense charged in this case; and was further permitted to prove by appellant and by Frank Emison, sheriff of Brown County, Texas, that the place of business in which defendant conducted said club business had been raided by the sheriff of Brown County, Texas, under and on the authority of a search warrant provided for and issued under the Act of the Thirtieth Legislature of the State of Texas, approved April 5, 1907, more than a year since the alleged commission of the offense charged in this case. The introduction of this testimony was objected to on the ground that same was wholly irrelevant and immaterial to any issue in the case and related to business transactions and conduct of the defendant after the alleged commission of the offense charged in this case, and tended to prejudice defendant's case before the jury and to inflame and prejudice their minds against him. This testimony was objected to and a reversal of the judgment is sought on the authority of the cases of Harris v. State, 50 Texas Crim. Rep., 411; 98 S. W. Rep., 842, and Parish v. State, 89 S. W. Rep., 830. The Parish case, supra, as well as a considerable number of other cases, were in terms overruled in the case of Wagner v. State, 53 Texas Crim. Rep., 306; 109 S. W. Rep., 169. In the Wagner case, it was in terms held, that where on a trial for the violation of the local option law, the State proved that accused had made a sale of intoxicating liquors in prohibited territory, and accused

testified that he had not made such sale, it was competent for the State to prove that accused had, contemporaneously with such sale, in his possession such an amount of liquor as to forbid any reasonable presumption that he had it for his own immediate use, and as bearing on the probability of accused desiring to sell, and as showing that he was in position to make a sale. We have no sort of doubt of the correctness of the decision in the Wagner case, but we think that the proof admitted in this case is so clearly inadmissible as not to admit of serious doubt. In this case the sale was alleged to have occurred about the 25th of March, 1906, long before the passage of the search and seizure law on April 5, 1907. That law, in substance, authorizes the peace officers, on proper affidavit, to make search for intoxicating liquors. So that we have the question, whether or not in a sale charged to have been made in March, 1906, it was competent in proof thereof to introduce the circumstances of a search of appellant's business more than a year thereafter? What the result of this search was, the record does not show. The jury was advised that long after the alleged sale, the peace officers had made a search of appellant's place of business, which was in effect an imputation and charge that he was *then* engaged in the unlawful sale of liquor. We think this proof so wholly inadmissible and harmful as that the necessary effect of it must have been to prejudice appellant's cause before the jury. It was not admissible for any purpose. Its only effect was to discredit appellant in the minds of the jury and possibly to inflame their passions and arouse their prejudices against him. For these errors the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.