gested by appellant that it was a compromise proposition. From the witness' testimony it appears that the statement that he sold the intoxicating liquor was unqualified. His proposition to plead guilty, however, was conditioned. The statement of fact was, apparently independent of the overtures made by appellant. On this subject see Cyc. vol. 16, p. 950.

Another bill complains of the introduction in evidence of testimony relating to the receipt of shipments of intoxicating liquor through the express. The same question presented by this assignment has been determined against appellant's view several times. See Cowley v. State, 72 Tex. Cr. R. 173, 161 S. W. 471; Clark v. State, 61 Tex. Cr. R. 597, 136 S. W. 260; Byrd v. State, 69 Tex. Cr. R. 35, 151 S. W. 1068; Leonard v. State, 68 Tex. Cr. R. 549, 152 S. W. 632; Creed v. State, 69 Tex. Cr. R. 464, 155 S. W. 240; Brown v. State, 72 Tex. Cr. R. 33, 160 S. W. 374; Miller v. State, 72 Tex. Cr. R. 151, 161 S. W. 128; Robinson v. State, 66 Tex. Cr. R. 392, 147 S. W. 245; Molthrop v. State, 66 Tex. Cr. R. 546, 147 S. W. 1159.

The other questions raised relating to the credibility of the witnesses have been passed upon by the jury.

The motion for rehearing is overruled.

---

HARRIS v. STATE. (No. 4973.)

(Court of Criminal Appeals of Texas. April 3, 1918. Rehearing Denied May 1, 1918.)

CRIMINAL LAW ☞1092(4)—APPEAL—STATEMENT OF FACTS AND BILLS OF EXCEPTIONS—DELAY IN FILING.

Where statement of facts and bills of exceptions are not filed within the time allowed, and no additional time is granted, a motion to strike must be granted.

Appeal from Lampasas County Court; J. Tom Higgins, Judge.

Bessie Harris was convicted of vagrancy, and she appeals. Affirmed.

T. S. Alexander and Roy L. Walker, both of Lampasas, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an appeal from a conviction for vagrancy, a common prostitute, wherein the fine was assessed at $25.

The term of court at which the conviction occurred adjourned on December 15th. The statement of facts and bills of exceptions were not filed until January 12th following, 8 days more than the 20 which could have been allowed for that purpose. There was no order allowing any time after adjournment; hence the state's motion to strike out the bills and statement of facts must necessarily be granted. De Friend v. State, 69 Tex. Cr. R. 329, 153 S. W. 881; Durham v. State, 69

Tex. Cr. R. 71, 155 S. W. 222; and a great many other cases. Without these, there is no question presented which can be reviewed.

The judgment is therefore affirmed.

---

WILLIAMS v. STATE. (No. 4997.)

(Court of Criminal Appeals of Texas. April 17, 1918.)

---

PAYNE v. STATE. (No. 4835.)

(Court of Criminal Appeals of Texas. April 17, 1918.)

1. WITNESSES ☞383 — IMPEACHMENT — CONFLICTING STATEMENT.

Where burglary was committed at L.'s place, and an accomplice testified he and defendant went from there to C.'s place, a sworn statement by a state's witness that he went that night with defendant and accomplice to C.'s place was immaterial, and was inadmissible on behalf of the state for impeaching testimony of such witness that he went to a dance with defendant at P.'s place on the night of the burglary.

2. WITNESSES ☞388(2)—IMPEACHMENT.

Where a burglary was committed Friday night at L.'s place, and an accomplice testified they went from there to C.'s place, a sworn statement of a state's witness that he went with defendant and accomplice to C.'s place Friday night could not be used to impeach such witness on ground of surprise, where the burglary and particular night were not called particularly to the attention of the witness while making the statement; such witness having testified on the stand that he went to a dance at P.'s place on the night of the burglary.

3. CRIMINAL LAW ☞804(8) — APPEAL — CERTIFICATION OF CHARGES.

The statute is mandatory that charges given in criminal cases be certified.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

---

Bob Payne was convicted of burglary, and he appeals. Reversed and remanded.

W. W. Kirk, of Plainview, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary, his punishment being assessed at two years' confinement in the penitentiary.

The testimony of C. I. Williamson makes himself an accomplice. Substantially, he testified that he and appellant went to the place of one Lovvorn, and burglarized his house and took meat and feedstuff.

A bill of exceptions recites that after Williamson had testified that he and appellant about 12 or 1 o'clock on April 13th committed this burglary of Lovvorn's barn, that among other things they took two hams and two middlings of meat from the house, that on the same night before they burglarized Lovvorn's barn the two, in company with George Morley, went out in the country about five or six miles to the Clark place in a wagon, that he said nothing about committing this burglary until after his barn had been searched by the officers on or about April 17th or 18th, in which there was some feedstuff he had stolen, and after he had testified that he did not know whether he had been indicted by the grand jury for this burglary and other burglaries and thefts, and after Williamson had testified on cross-examination that he had purchased a gray mare prior to the alleged burglary from the defendant, partly for cash and partly on credit, and that he had paid defendant for the mare, and after Lovvorn had testified on direct examination that the one ham and middling of meat found at the defendant's house the week after the alleged burglary was part of the same meat that was taken from his barn on the night of the alleged burglary, "and after the state had rested, the defendant, his defense being that he was not with said C. I. Williamson at the time of the alleged burglary, but was at a dance at Hal Preston's, and his explanation of how the meat found at his house the week following the alleged burglary came there, being that he purchased it on the morning following the alleged burglary for $5.75 from said C. I. Williamson, which amount he allowed said Williamson a credit on a debt said Williamson owed the defendant for a gray mare the defendant had sold said Williamson prior to said burglary, and defendant's theory of why said C. I. Williamson had implicated the defendant in said burglary being that it was to procure his immunity from prosecution, had rested, after all of which the state, in surrebuttal, introduced said George Morley, who testified on examination in chief that he was' about 16 years old, a brother-in-law to the defendant, he remembered the occasion when some meat was supposed to have been stolen from the barn of W. J. Lovvorn on Friday night in April last, that he, C. I. Williamson, and the defendant did not go out into the country to the Clark place on that night, that they did go out to the Clark place one night in April about dark and returned about 9 or 10 o'clock, but did not remember whether or not it was on a Friday night, that he was with the defendant that Friday night at a dance, that he made a written statement in the district attorney's office the week after the meat was supposed to have been stolen from said Lovvorn's barn, and at the time of making such statement in the district attorney's office the defendant was not present and that at the time he, the defendant, and said Williamson went out in the country to the Clark place was the time to which he referred in his statement made in the district attorney's office, and after which the state, after having said statement made in the district attorney's office identified, introduced in evidence, and same was read to the jury, the following statement from the statement made by the witness Morley in the district attorney's office in the absence of the defendant, to wit: 'Friday night Charles Williamson, Bob Payne, and myself went out in the country southwest. We went to a place where Mr. Clark had some feedstuff.' "

[1, 2] Quite a number of objections were urged to the introduction of this testimony. The court admitted it with this explanation:

"The witness being a brother-in-law of defendant was a very unwilling witness, and, the witness having made a sworn statement in the district attorney, the state had a right to believe that when put on the stand that he would testify as shown in said statement. But after witness, for the first time, claimed that on the night of the burglary that he was with the defendant at a dance, and at no time before testifying on the stand had made any such claim and shown himself very antagonistic to the state, said testimony was introduced."

We are of opinion that the ruling of the court was not correct. Whether they went to the Clark place or not would be immaterial, and inasmuch as the witness was not questioned by the district attorney, in the statement in his office, with reference to this particular transaction, and not being called to the witness' attention at the time as to whether it was this or some other particular occasion so as to call his attention to it, he could not be impeached on the ground that the district attorney was surprised at the testimony. This testimony was not either affirmatively or negatively injurious to the state's case, and, further, the matter not having been called to his attention at the time, he is not subject to be impeached under any aspect of the law. The authorities seem to be very clear on this proposition. The court was in error in admitting this testimony. This same matter is presented by two bills of exception.

[3] Exceptions were reserved to the charge of the court on several grounds. The court failed to charge the jury with reference to accomplice testimony. An exception was reserved to this failure, and the court did not

of his own volition cover this defect in the charge. There is a charge in the record, but not approved nor certified by the trial court, charging the jury with reference to the law governing accomplice testimony. A bill of exceptions was reserved to this charge because not certified by the judge. This matter is shown in two or three ways, but without deciding the matter further we would say upon the trial of cases where charges are given the court should certify them. The statute is mandatory in this respect, and has been so held by this court. Alberson v. State, 54 Tex. Cr. R. 8, 111 S. W. 412.

The judgment is reversed, and the cause remanded.

PRENDERGAST, J., absent.