LEE SIMPSON v. THE STATE.

No. 5706.  Decided April 28, 1920.

**1.—Delinquent Child—Aggravated Assault—Charge of Court—Misdemeanor.**

Where, upon trial of aggravated assault, defendant being a delinquent child, the same under the statutes is a misdemeanor case, and the objections that the trial court erred in failing to define the offense of an aggravated assault cannot be considered, in the absence of a requested charge and bills of exception, the complained error not being fundamental. Following Wheeler v. State, 56 Texas Crim. Rep., 550, and other cases.

**2.—Same—Evidence—Deadly Weapon.**

Where, there was no testimony to contradict the State's evidence that the knife used was a deadly weapon, there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of defendant as a delinquent child, the evidence sustained the allegations in the information, that defendant was guilty of an aggravated assault with a deadly weapon, etc., the conviction was sustained.

**4.—Same—Rehearing—Statutes Construed—Practice on Appeal.**

Where, upon rehearing appellant contended that the evidence was insufficient to support a conviction of aggravated assault, fixing the punishment of the delinquent child at three years confinement in the State Training School For Boys, but the record sustains the original opinion, the motion for rehearing must be overruled; besides, if appellant had been found guilty of a simple assault only, it could not have affected his punishment, as this would be a violation of the law under the statutes defining delinquent children, and in either event the jury must have found that defendant was a delinquent child, and the court having submitted a charge on self-defense, the judgment must be affirmed.

Appeal from the County Court of Tarrant.  Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of a delinquent child; penalty: three years confinement in the State Training School for Boys.

The opinion states the case.

*John L. Poulter*, for the appellant.—On question of deadly weapon: Howard v. State, 18 Texas Crim. App., 351; Kouns v. State, 3 id., 15.

On question of insufficiency of the evidence: Hilliard v. State, 17 Texas Crim. App., 210; Goodman v. State, 49 Texas Crim. App., 189; Hightower v. State, 56 id., 248.

*Alvin M. Owsley*, Assistant Attorney General for the State.— Question of sufficiency of the evidence: Bruce v. State, 41 Texas Crim. Rep., 27; Fulkerson v. State, 57 id., 80.

On question of court's charge on misdemeanor cases: Sparks v. State, 23 Texas Crim. App., 448; Buckley v. State, 70 Texas Crim. Rep., 550.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Tarrant County, of being a delinquent child, and his punishment fixed at confinement in the State Training School for Boys, for a period of three years.

Several matters are here urged as grounds for reversal: The first complaint is, that the trial court erred, in that he submitted in his charge, the issue of aggravated assault, but nowhere gave a definition of the offense, or told the jury what were the elements of the same, or what it would take to constitute an aggravated assault. It is specifically provided by the amendment to the Juvenile Law (Chapter 26, page 43, Acts of the Fourth Called Session of the Thirty-fifth Legislature) that a prosecution of a juvenile as a delinquent child, shall be regarded as a misdemeanor case. This, then, being a misdemeanor, errors in the charge, unless fundamental, must not only be excepted to, but special charges correctly presenting the matter complained of, must be presented, and if refused, such refusal must be excepted to, and brought here by proper bills of exception. See Vernon's Code Crim. Procedure, page 518, et seq.

The errors complained of, are not fundamental: Martinez v. State, 56 S. W. Rep., 58; Wheeler v. State, 56 Texas Crim. Rep., 550; Lofton v. State, 59 Texas Crim. Rep., 270; Bruce v. State, 41 Texas Crim. Rep., 31; Thomas v. State, 55 Texas Crim. Rep., 295. No requested charges appear in the record.

There was no evidence to contradict that of Dr. Trigg, the physician who attended the alleged injured party and sewed up his wound, who testified that the knife used was a deadly weapon.

It is further urged by appellant that the evidence is insufficient to support the finding of the jury. The jury found appellant guilty as charged, and they recommended that he be placed in the State Training School for a period of three years. Appellant was charged with being a delinquent child, the facts constituting delinquency being alleged to be that he had committed an aggravated assault on one Dudley Keith, appellant being then under seventeen years of age. It was alleged in the complaint that said assault was committed with a knife, the same being a deadly weapon, and that serious bodily injury was inflicted. In Black v. State, 67 S. W. Rep., 113, it was held that both of these forms of aggravation may be alleged in the same count, without repugnance. Examining the testimony, we find that Dr. Trigg testified to the deadly character of the knife used. His statement is as follows: "I dressed the wound, and I think I took about five or six stitches in closing up the skin. I only dressed the wound one time. The knife used is, in my opinion, a deadly weapon."

Appellant himself testified that he was only sixteen years of age. The knife was introduced in evidence and exhibited to the jury, and there appears not a word of evidence from appellant, or any other witness, which controverts the testimony of Dr. Trigg to the effect that the knife was a deadly weapon. We think the evidence supports the verdict.

By the express terms of our statute (See Chapter 26, Acts of the Fourth Called Session of the Thirty-fifth Legislature) a boy under seventeen years of age who "violates any law of this State" is thereby brought within the definition of a delinquent child. It would, therefore, appear that a boy under seventeen years of age, who commits an assault, whether simple or aggravated, may be committed to the Training School for five years, while his older brother may only be punished for the same offense by a fine, or by fine and imprisonment in the county jail. Complaint of this matter, however, is not for us. We can only decide if the law as written, has been adhered to. We are of opinion that no failure to track the law appears in this record in any way that we can consider it, and the judgment of the lower court is affirmed.

*Affirmed.*

---

ON REHEARING, April 28, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing, appellant insists that we were in error in holding the evidence sufficient to make out a case of aggravated assault. We are unable to agree with this contention, but observe that if the jury had merely found that there was only a simple assault committed, instead of an aggravated assault, it could not have in any way affected the matter involved. The issue was as to whether or not appellant was a delinquent child, and under our statute on the subject, he became such delinquent when he violated any law of this State. See Acts of the Fourth Called Session of the Thirty-fifth Legislature, Chapter 26. A simple assault is as much a violation of the law of this State as is an aggravated assault, and, therefore, in either event, the verdict of the jury must have been that appellant was a delinquent child. We do not see how any harm could have resulted to appellant. The penalty fixed by the jury was for delinquency, and it was based on the facts before them, and whether the offense made by the facts be called by one name or another in the statutes, the facts themselves would be unchanged, and would, therefore, have called for the same penalty at the hands of the jury. It is so, both by statute and numerous decisions, that under a charge of aggravated assault in this State, a conviction may be had for simple assault.

The record in this case showed that appellant cut one Dudley Keith with a knife. Unless the cutting was in self-defense, appellant was guilty of a violation of the law. If guilty of any violation of the law, he became a delinquent by reason of that fact. Unless, then, he be acquitted, he must be adjudged a delinquent.

The trial court submitted self-defense in his charge, and the jury found against appellant thereon, and the judgment of delinquency was the necessary sequence. The punishment fixed was within the bounds laid in the statute.

The motion for rehearing is overruled.

*Overruled.*