## SAM ALLEN v. THE STATE.

### No. 8257. Decided March 26, 1924.

### Rehearing denied November 5, 1924.

**1.—Manufacture of Intoxicating Liquor—Circumstantial Evidence—Charge of Court.**

A charge on circumstantial evidence is not required, unless the evidence is wholly circumstantial. Appellant when discovered at a still making whisky stated that he was caught making whisky. A charge on circumstantial evidence was not required.

**2.—Same—Charge of Court—Failure to Sign and File—Harmless Error.**

Under old art. 743 C. C. P., a failure of trial court to sign, and cause his charge to be filed, necessitated a reversal of the cause. This article was amended by the Twenty-fifth Legislature, now embraced in art. 743, to the effect that such omission will not necessitate a reversal unless it appears that injury was probable. If in fact there was a failure to sign the charge in the present record, no harmful effect is shown. See art. 743, C. C. P.

**3.—Same—Witness—Excusing from Rule.**

The law vests in the trial court certain discretion with reference to the application of the rule separating witnesses, or excluding them from the court room. It is only when this discretion is abused to the prejudice of the accused on trial that a reversal is required. Following Miller vs. State, 36 Tex. Crim. Rep., 47 and other cases.

Appeal from Eastland County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Chastain & Judkins,* and *King & York,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State witnesses, who were in a hunting party, unexpectedly came to a still at which the manufacture of whisky was in progress. A man named "Shorty" and the appellant were present. The conduct of Shorty and his conversation with the witnesses left no question that he was engaged in the manufacture of whisky. It was the appellant's position that he was not interested. He claimed that he resided in another county and was visiting his daughter, at whose home he and

Shorty spent the previous night; that he, in company with Shorty, went to the still, appellant's purpose being merely to receive a drink of whisky. However, when the State witnesses appeared, appellant had a gun in his hand. Shorty had a six-shooter which he presented, demanding that the arriving party throw up their hands. Some conversation ensued during which Shorty demanded that all parties take a drink of whisky which was present. In the course of the conversation, one of the witnesses quoted the appellant as using these words:

"I have raised a family of nine children. I have tried to make an honest living farming and failed and you boys have come in here and caught us making whisky. We were in here bothering nobody and we don't want to be taken and all the Rangers in the State of Texas can't take us. We aim to die over this."

Shorty then said, "No, we did not come in here to be taken." Under the circumstances, the evidence justified the trial court in declining to treat the case as one depending alone upon circumstantial evidence. The declaration of the appellant was not equivocal, but considered in the light of the conditions under which it was made, it was an admission that the appellant was engaged in the manufacture of whisky and not merely a fact from which the inference of his connection with the main fact might be drawn. Gentry v. State, 41 Texas Crim. Rep., 497; Spreights v. State, 1 Texas Crim. App., 555; Branch's Crim. Law, Secs. 202 and 203, also cases cited.

Appellant filed written exceptions to the court's charge. The fifth paragraph of Bill of Exceptions No. 1 reads as follows:

"Because same is too general, vague and indefinite and is not properly drawn or sufficiently verified or certified, and is not a proper presentation of the law, and because same charged the jury that it is unlawful to manufacture intoxicating liquor."

Upon it the court made this indorsement:

"Received before the charge was read to the jury and overruled by the court."

As copied in the record, both the signature and the file mark were omitted from the charge. From the original charge which has been sent here, both the file mark and the signature appear. The signature is very dim and has the appearance of having been written with a pencil which made an exceedingly dim mark, or that an erasure had taken place. Under Article 938, it is declared that this court must presume "that the charge of the court was certified by the judge and filed by the clerk of the court before it was read to the jury, unless such matters were made an issue in the court below and it affirmatively appears to the contrary by a bill of exceptions, properly signed and allowed by the judge of the court below, or proven up by by-standers, as is now provided by law and incorporated in the transcript as required by law." There is no certificate of the trial judge either em-

bodied in the bill of exceptions or accompanying it to the effect that the charge was not signed, or that it was not filed before it was read to the jury. The statute, Article 938, C. C. P., makes it imperative that the charge be certified and filed, and unless it affirmatively appears from the bill of exceptions that this was not done, a compliance with the law is presumed. Alberson v. State, 54 Texas Crim. Rep., 8; Art. 938, C. C. P.

Complaint is made of the action of the court in excusing the witness Sandall from the rule. The law vests in the trial court certain discretion with reference to the application of the rule separating witnesses or excluding them from the court-room. It is only when this discretion is abused to the prejudice of the accused on trial that a reversal is required. Miller v. State, 36 Texas Crim. Rep., 47; Vernon's Tex. Crim. Stat., Vol. 2, p. 399; Bishop v. State, 81 Texas Crim. Rep., 97; Shamblin v. State, 228 S. W. Rep., 242. In the bill of exceptions it is stated that Sandall "was permitted to testify that he took the trail made by the defendant and one other man, and traced defendant by tracks in the snow from the place where said still was located to the house where defendant was arrested." Appellant testified that he spent the night at the home of his daughter; that he picked up a gun and remarked that he was going hunting; that Shorty, who was present, said, "If you are going hunting, come and go with me, and I will give you a drink of whisky." There was snow on the ground, and the appellant walked with Shorty to the still, and according to his testimony, had been there but about twenty minutes when the State's witnesses arrived. If we properly interpret the testimony of the appellant, after the State witness appeared, he walked through the snow which was on the ground to the home of appellant's daughter where he was afterwards arrested. The court seems to have excused Sandall upon the theory that he was an officer. Appellant offered to prove that the conditions in the precinct in which Sandall acted as a deputy constable did not authorize the appointment of such an officer. The facts to which Sandall testified are cumulative of other testimony and related, if we properly comprehend the record, to undisputed facts. (See Wagner v. State, 53 Texas Crim. Rep., 306.)

The circumstances are not such as would warrant this court in holding that in excusing Sandall from the rule, the rights of the appellant were prejudiced. The evidence is deemed sufficient to support the finding of the jury.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that in giving consideration to the paper described in the former opinion as the original

charge of the court, we were in error, as that document was not properly before the court as a part of the transcript. Our treatment of it as a part of the record was upon the assumption that it was before the court by agreement of the parties. It appears from the motion for rehearing, however, that whether there was such an agreement is a controverted question, and the motion for rehearing will be discussed in this opinion without reference to the document mentioned.

As copied in the record, the place for the signature of the trial judge to his charge is blank. There is no bill of exceptions specifically calling attention to that fact, but in Bill of Exceptions No. 1 there is a statement copied in the former opinion to the effect that the charge is excepted to "because not properly drawn or sufficiently verified or certified." It would seem that to comply with the statutory provisions upon the subject the bill of exceptions should show in what particular there was a failure to sufficiently verify or certify the charge. If it be a conceded fact that the trial court consciously disregarded Article 738, C. C. P., in failing to sign the charge which was given to the jury, there remains the question of the effect of such failure. In Article 743, C. C. P., we find this language:

"Whenever it appears by the record in any criminal action upon appeal of the defendant that any of the requirements of the nine preceding articles (Arts. 735-742) have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

It would, seem that the obvious effect of this statute is to inhibit a reversal of the present case on account of the failure to comply with Article 738, C. C. P., by signing the charge unless it can be said from the record that *the failure was calculated to injure the rights of the appellant.* Such we understand to be the plain language of the statute, and cases in which its non-observance, since its amendment in 1897, has resulted in reversal, have been upon the finding that the disobedience of the statute *was calculated to injure the accused.* That is the reasoning in Logan's case, 40 Texas Crim. Rep., 85, and in Alberson's case, 54 Texas Crim. Rep., 8.

The statement in Logan's case, supra, to the effect that Article 738, C. C. P., has been held mandatory is supported by the decisions of this court rendered before the amendment of Article 743. See Williams v. State, 18 Texas Crim. App., 409. At the time these decisions were rendered, the statute, which is now Article 743, read thus:

"Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall be reversed;

provided, the error is excepted to at the time of the trial." (Art. 685, C. C. P., 1879.)

This statute made it imperative that this court reverse a case in which it was properly shown by exceptions that the court has disregarded the requirement that the charge be signed. The law with reference to this imperative necessity of reversing a case for the failure to sign the charge was modified by the act of the Twenty-fifth Legislature, page 11, the modification made being that now embraced in Article 743, C. C. P., to the effect that the omission, though properly brought before this court, by exception, will not demand or authorize a reversal unless it appear that injury was probable. If there be decisions to the contrary rendered since the statute was so modified, they are not to be followed. The harmful effect of the omission, if in fact there was a failure to sign the charge, is not made apparent in the present record.

The motion is overruled.

*Overruled.*