**JONES v. STATE.** (No. 12150.)

Court of Criminal Appeals of Texas.  March 13, 1929.

Rehearing Denied Oct. 30, 1929.

Cooper & Lumpkin, of Amarillo, and Ayres & Payne, of Floydada, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J.  The offense is aggravated assault; the punishment confinement in the county jail for 120 days and a fine of $150.

It is alleged in the complaint and information that appellant committed the offense on Dave Standifer with premeditated design and "by means calculated to inflict great bodily injury."  Describing the manner of the assault, it was alleged that appellant struck the injured party in the face, in the eyes, and about the head with his fists, and that he "did then and there violently kick and stamp" the injured party in the face, in the eyes, and upon the head with his feet and heels.

Several days prior to the assault, Ralph Jones, a brother of appellant, was in the drug store of the injured party.  There were some women present, and Ralph Jones was cursing.

Standifer, the injured party, requested him to desist, but he continued his cursing. Thereupon the injured party forcibly put him out of the store. Later Edgar Jones and Fred Jones, brothers of Ralph Jones, came to the store and demanded that the injured party apologize for his action in putting Ralph Jones out of the store. A wordy altercation ensued, and Standifer pulled a gun and ordered Fred Jones out of the store. The following day appellant and Fred Jones assaulted the injured party. Prior to going to the scene of the assault, appellant and Fred Jones went to a garage and borrowed a tire tool. Entering an automobile, they came upon the injured party as he was going home to supper. They stopped the car, appellant caught hold of the injured party, and Fred Jones struck him with his fists several times. Standifer fell to the ground, and appellant held him while Fred Jones stamped and kicked him in the face. Appellant admitted that he took hold of the injured party, but declared that he did so for the purpose of taking a gun away from him in order that the injured party and his brother Fred Jones might have a fair fight. Appellant's testimony, if accepted as true, would have led to the conclusion that he was guilty of a simple assault. He denied that Fred Jones kicked and stamped the injured party, and declared that he merely struck him with his fists.

■ Prior to the filing of the complaint charging appellant with an aggravated assault, appellant had pleaded guilty to a complaint in the corporation court charging him with an affray. He offered a plea of former conviction which appears on its face legally sufficient. The court refused to submit such plea to the jury, and refused to permit appellant to offer evidence of the fact that he had been formerly convicted for an affray growing out of the transaction for which he had been charged with an aggravated assault. The court submitted instructions covering the law of aggravated assault and simple assault. Error was committed in striking out appellant's plea of former conviction. Article 536, Code Cr. Proc. 1925 provides:

"A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense."

■ While said plea would not operate to relieve appellant from a conviction for an aggravated assault, it was sufficient to defeat a conviction for simple assault. Reagan v. State (Tex. Cr. App.) 51 S. W. 914; Dumas v. State, 48 Tex. Cr. R. 27, 85 S. W. 1058. However, inasmuch as appellant was convicted of an aggravated assault, no injury could have resulted from the action of the court in refusing to submit the plea of former conviction. White v. State, 9 Tex. App. 390.

■■ Appellant complains of the action of the court in refusing to define "serious bodily injury." This being a misdemeanor, it was incumbent upon appellant to take proper written exception to the charge of the court and to present a correct special charge covering the subject. Simpson v. State, 87 Tex. Cr. R. 277, 220 S. W. 777. While appellant excepted to the failure of the court to give the charge in question, his requested instruction defining serious bodily injury embodies an instruction to the jury that they should acquit him, unless they believed that he inflicted serious bodily injury upon the injured party. As applied to the allegations of the information, it is manifest that appellant was not entitled to the instruction. It was not incumbent upon the state to show that serious bodily injury had been inflicted upon the injured party, inasmuch as no such averment was contained in the information; it merely being charged that the means used were calculated to inflict great bodily injury. Article 1147, subd. 9, Pen. Code 1925. Hence the fact that appellant may not have inflicted serious bodily injury on the injured party would not within itself have entitled him to an acquittal.

Appellant presented a special charge wherein the jury would have been instructed to acquit him of an aggravated assault if they had a reasonable doubt as to whether he quit the affray after catching the injured party and taking his pistol away from him. If it would have been proper to give this charge, error is not presented, for the reason that it does not appear that appellant excepted to the failure of the court to embody an instruction covering the subject in the main charge. Simpson v. State, supra.

While we have not discussed all questions presented, we have made a careful examination of each of appellant's contentions. We fail to find reversible error.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. ■ The court was requested by the appellant to give to the jury the following special charge, and complains of its refusal:

"Gentlemen of the Jury: At the request of the defendant I charge you that although you may believe from the evidence beyond a reasonable doubt, that the defendant, Glenn Jones, did on the 9th day of April, 1928, make an assault on the prosecuting witness, Dave Standifer, by catching him and taking from him or assisted in taking from him a pistol,

and that after he procured the pistol he quit the affray, or if you have a reasonable doubt as to whether or not he did quit at that time, and only stood by to see a fair fight, then you will find the defendant not guilty of aggravated assault and consider only the remaining charge."

Article 662, Code Cr. Proc. 1925, reads thus:

"The court is not required to charge the jury in a misdemeanor case, except at the request of counsel on either side. When so requested he shall give or refuse such charges, with or without modification, as are asked in writing."

There is some confusion in the interpretation of this article in connection with other articles of the statute, notably article 658, requiring that all objections to the charge shall be made in writing before it is read to the jury, and article 666, declaring that all objections to the charge and the refusal or modification of special charge shall be made at the time of the trial.

In the case of Simpson v. State, 87 Tex. Cr. R. 277, 220 S. W. 777, 778, citing many precedents, there is found the following language:

"This, then, being a misdemeanor, errors in the charge, unless fundamental, must not only be excepted to, but special charges correctly presenting the matter complained of must be presented, and, if refused, such refusal must be excepted to and brought here by proper bills of exception."

In that case the complaint was that the charge on aggravated assault was not accurate and did not go into sufficient detail in stating the elements of the offense. The effect of the criticism of the charge was to assert that the court, in charging on aggravated assault, had inaccurately stated or applied the law. Under such circumstances the alleged faults in the charge would not be reviewed on appeal, in the absence of specific exception to the charge pointing out the defect, and in addition thereto a special charge presented correctly stating and applying the law. In a misdemeanor case the writing of a charge is not required of the judge. In the present case the criticism is not that in the charge there was an inaccurate statement of the law. The complaint is that the court *omitted* to instruct the jury touching the rights of the accused under a phase of the evidence presenting what the appellant claims was an affirmative defense. The record is deemed sufficient to present for review the question mentioned.

■ From the appellant's testimony the following appears: He was 20 years of age, and weighed 178 pounds. He and his brother met and in an automobile designedly followed Standifer, the injured party, as he was on his way home at meal time. Overtaking Standifer, the appellant, who was on the running board of the car, got off and seized him. As the car was stopped, Standifer fled, but was thrown to his knees by the appellant, at which time Fred Jones took hold of Standifer. Appellant took a pistol from Standifer's pocket; got up and said, "All right, Fred, I will see that we have a fair fight," after which he stood near while Fred assaulted Standifer.

Eyewitnesses other than the injured party, describing the assault, stated that, after chasing Standifer, they knocked him down; that Fred got astride him, and began hitting him with his fist; that appellant fell on his knees, and began hitting him. Standifer testified that he was held by the appellant while his brother Fred struck him with his fist and stomped him with his feet. This was after he was down and while both were on him.

The requested charge was in conflict with that part of the court's charge on the law of principals as defined in article 66, Pen. Code 1925, which declares, in substance, that one who is present, and, knowing of the unlawful intent of another, aids him by his acts or encourages him by his words, is a principal. A charge on that phase of the law of principals is manifestly called for, as the appellant was the first one to assault Standifer, and, according to his own testimony, after disarming him, he stood by while Standifer was beaten by Fred Jones. The court did not charge on that phase of the law of principals embraced in article 69, Pen. Code 1925, which is in substance to the effect that one who agrees to the commission of an offense and is present when it is committed by another is a principal. To have given the charge in question would have been in conflict with that phase of the charge relating to article 66, supra, and entirely ignored the evidence touching article 69, supra. The conduct of the appellant furnished ample evidence to raise the issue of a conspiracy to assault Standifer, and, that being present, he was responsible for all that was done by his brother. See Hays v. State, 90 Tex. Cr. R. 192, 236 S. W. 463, and authorities cited. In refusing to read the special charge to the jury, the court, we think, was not in error.

Immediately before following Standifer and making the assault, a "tire tool" was borrowed. It was a part of an automobile spring, made of metal, and was more than an inch wide and about two feet long. This was placed in the automobile in which Standifer was pursued. Appellant claims that he told his brother it could not be used in the fight. The complaint of the reception in evidence of the testimony quoted with reference to the borrowing and having possession of the tire tool we think was properly received as a circumstance bearing upon the intent of the appellant and his brother in their preparation for the assault.

The motion for rehearing is overruled.