HERMAN KUHLER v. THE STATE.

No. 14605.   Delivered December 23, 1932.
Rehearing Denied February 10, 1932.

The opinion states the case.

*J. C. Patterson,* of Benjamin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault upon John Schumacher, punishment being a fine of $25.

The prosecution was under subdivision 2 of article 1147, P. C. (1925), which provides that an assault or battery becomes aggravated when committed in any place where persons are assembled for the purpose of innocent amusement. A dance was in progress at a place called "Rhineland Hall". Appellant claims to have been appointed as one of the managers to keep order. ·A disturbance arose between two boys who went outside of the hall and were followed by a number of others. The prosecuting witness says that when he went out he found appellant standing there with a stick in his hands; that when he declined to put it down at the request of prosecuting witness he took it from appellant and threw it away; that he made no movement at any time to make any attack upon appellant, but that appellant struck. prosecuting witness above the eye, making a pretty bad wound. Another witness testified to practically the same state of facts. Appellant denied that the prosecuting witness took a stick away from him and says that if he ever struck prosecuting witness he had no knowledge of it; that someone grabbed him from behind and "slung" him against the wall of the building which stunned him and he could not see exactly who was in front of him. He declined to say that he did not hit the prosecuting witness. He said, "If I did I didn't know it. I hit someone when they slung me against the building."

Appellant requested three special charges all of them bearing upon the question of self-defense. These were refused by the court at which action appellant complains. We fail to find any issue of self-defense in the case and the court properly refused to submit such issue to the jury.

In his exceptions to the charge of the court appellant objected to the instructions because the same nowhere gave the defendant any affirmative defense "as requested by the defendant". The only instructions we find in the record which were requested by appellant are those already referred to on the issue of self-defense. It does not clearly appear from appellant's testimony whether it was his contention that if he struck the prosecuting witness it occurred as he was being "slung" against the building by someone else. If this was the contention the objection to the court's charge. was not sufficiently specific on that point as required by the statute. Article 658, C. C. P. (1925). This being a misdemeanor case if appellant desired a charge upon the issue last suggested as probably raised by his evidence he should have submitted a special charge upon that point as his objection to the court's charge was entirely too general to call the court's attention to the particular matter which may have been in appellant's mind. Simpson v. State, 87 Texas Crim. Rep., 277, 220 S. W., 777; Hand v. State, 88 Texas Crim. Rep., 422, 227 S. W., 194; Jones v. State (Texas Crim. App.), 20 S. W. (2d) 1067; Sayeg v. State, 114 Texas Crim. Rep., 153, 25 S. W. (2d) 865.

Appellant complains in bill of exception No. 4 because the prosecuting witness was not permitted to answer the following question: "Who all were in this fight out there and trouble going on?" The trial court sustained objection to said question. The bill bringing the matter forward is entirely insufficient in that it fails to set out what the answer of the witness would have been to the question propounded. It is patent that this court is unable to appraise the bill in this condition because we are in no wise apprised what the excluded evidence would have been.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant complains of our opinion and the statement therein which referred to his exceptions to the charge of the court below as being "too general". He calls attention to bill of exception No. 4A which contains the statement that the court forced defendant's counsel to hurriedly prepare his execptions in an insufficient time for such purpose. The paragraph of said bill containing the approval clause states as follows: "* * * I hereby certify that the matters of fact set forth in the above bill transpired as stated." In other words, appellant seems to correctly contend that he was allowed an insufficient time in which to prepare his exceptions to the court's charge. Such being

the case, we would be unwilling for him to suffer because of the form of such exceptions. True, there appears no statement of the time which was accorded him in which to prepare such exceptions, but since the court has certified that the time allowed was insufficient, the length of such time becomes immaterial. In such case we feel that we must look to the charge given and pass upon it as though fully excepted to. Appellant presented eight grounds of exception, each of which was examined by us before we wrote originally. We have gone carefully over the charge of the court with a view of finding if there be tenable objections thereto, but fail to find any. The facts show that the assault, if any, was made at a time and place where people were assembled for the purpose of innocent amusement. Under subdivision 2, article 1147, P. C., such assault becomes an aggravated assault without regard to the means used or other element of aggravation, save that it was committed at such place. The court's charge seems an entirely correct application of the law to the facts. The injured party, Schumacher, swore that appellant struck him. Wilde swore the same thing. Moore, for the defense, swore that he did not see appellant so strike, but declined to say appellant did not do so, contenting himself by saying that he did not see it if it occurred. Appellant while on the witness stand would not swear that he did not strike Schumacher, but said if he did he did not know it. He further swore that he did hit somebody. There was no issue of self-defense raised by the testimony. The fact that Schumacher, one of the managers of the dance which was in progress, took from appellant's hand a stick and threw it away, would furnish appellant no excuse or justification for assaulting Schumacher.

Complaint was made in the motion for new trial of the fact that the charge of the court was not filed when read to the jury, but this came too late to make it a matter upon which issue was joined in the trial court, as is referred to and provided for in article 847, C. C. P., wherein we are directed by statute to presume that the charge was properly certified and filed, "unless such matter be made an issue in the court below," etc. Jackson v. State, 42 Texas Crim. Rep., 497, 60 S. W., 963, Alberson v. State, 54 Texas Crim. Rep., 8, 111 S. W., 412; Allen v. State, 98 Texas Crim. Rep., 219, 265 S. W., 580.

Being unable to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*