## AUDREY BEAN V. THE STATE.

No. 16632.   Delivered April 25, 1934.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for aggravated assault; penalty assessed at a fine of twenty-five dollars.

The complaint and information embrace three counts; one of which contains the following: "Aubrey Bean * * * did then and there unlawfully in and upon Bertie Bean make an aggravated assault and battery by then and there striking the said Bertie Bean with a switch, the said instrument used being such as did then and there inflict disgrace upon the said Bertie Bean."

The injured party was the wife of the appellant. According to her testimony, she had returned home on the 16th of July, 1933, after visiting some neighbors. When she drove into the lot for the purpose of unhitching her horses, appellant approached her and began to curse her. He asked her why she did not stay at home and, seizing her, whipped her with some switches. From her testimony we quote: "He whipped me hard with the switches and it hurt. I tried to get away from him, but he held me and whipped me. He also struck me with his fist, and knocked me down. When I did get away from him, I ran to the neighbors, and came with them to Wheeler and filed a complaint against the defendant for aggravated assault. I have not lived with him since said date. * * * The next day after he whipped me, I came to Wheeler, and Dr. W. L. Gaines treated me for the bruises caused by my husband when he whipped me."

The refusal of the court to submit to the jury the law of simple assault was proper. No evidence of simple assault was before the jury. The appellant did not testify. The only proof was that of aggravated assault, which is set out in subdivision 6 of art. 1147, P. C., to the effect that an assault becomes aggravated when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip or cowhide.

The whipping with a switch was proved without conflict, thus proving, as indicated in the decisions of this State, the use of a weapon or instrument which inflicted the disgrace. See Caples v. State, 155 S. W., 267; Cirul v. State, 200 S. W. 1088.

There being no evidence of a simple assault, the failure of the court to charge upon that subject cannot justly be made the subject of complaint.

The court charged the jury to convict appellant if they believed beyond a reasonable doubt that the assault was made with a switch, but omitted an instruction that it must appear from the evidence beyond a reasonable doubt that the instrument used was such as to inflict disgrace upon the injured party. The omission was the subject of one of the appellant's exceptions to the charge. No written requested instruction was presented to the

court. The effect of the criticism of the charge was to assert that the court had inaccurately stated or applied the law. This being a misdemeanor, the alleged fault in the charge is not subject to review in the absence of the presentation of a special charge correctly stating and applying the law. See Simpson v. State, 87 Texas Crim. Rep., 277; Jones v. State, 20 S. W. (2d) 1067.

In bill of exception No. 1, it is shown that the injured party was questioned by the appellant as follows:

"Q. Is it not a fact that you left your husband several times before this occurrence? A. No.

"Q. Is it not a fact that you left him in the spring of 1929? A. No. He left me when he went to the penitentiary that year."

Conceding that it was improper to show that appellant had been in the penitentiary, it is observed that the evidence of guilt was uncontroverted. The punishment assessed was the lowest permitted by the statute. Under the circumstances, the evidence complained of could not have been appropriated by the jury to the injury of the appellant. See Keith v. State, 248 S. W., 384.

The judgment is affirmed.

*Affirmed.*